W. H. FUQUA v. JAMES SHAW, BANKING COMMISSIONER, ET AL.

No. 5332. Decided June 25, 1930.
(29 S. W., 2d Series, 319.)

*Madden, Adkins & Pipkin, Ritchie & Ranspot,* and *George M. Ritchie,* for appellant, cited:

Austin v. Gamble, 297 S. W., 806; Brooks v. Austin, 206 S. W., 723; Chapman v. Marsico, 270 S. W., 113; Chapman v. Pettus, 269 S. W., 268; Chapman v. Sparks, 283 S. W., 338; Coalson v. Holmes, 240 S. W., 896; Danciger v. Smith, 229 S. W., 909; Elliott Jones & Co. v. Towns Pro. Co., 283 S. W., 246; Furr v. Chapman, 286 S. W., 171; India Tire Co. v. Murphy, 6 S. W., (2d) 141; Meadows & Co. v. Turner, 270 S. W., 899; Northern Texas Traction Co. v. Clark & Sweeton, 272 S. W., 565; Orndorff v. Austin, 294 S. W., 681; Penix v. Davis, 265 S. W., 718; Richardson v. O. S. Cage Co., 252 S. W., 749; Russell Grader Co. v. McMillan, 271 S. W., 271; Thompson v. Picket & Golightly, 288 S. W., 256.

*Miller & Perkins* and *Dean & Perkins,* for appellee, cited:

Austin, Commissioner v. Marsico, 281 S. W., 198; Chapman v. Pettus, 269 S. W., 268; Clegg v. Varnell, 18 Texas, 294; Lantry v. Wallace, 182 U. S., 536; Love v. Keown, 58 Texas, 191; Mathonican v. Scott, 28 S. W., 1063; National Bank v. Texas Investment Co., 12 S. W., 101; Orndorff v. Austin, 294 S. W., 681; 1 Cook on Corporations, 7th Ed., Secs. 245, 246, 249, 250, 253.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

The State Banking Commissioner brought this suit in the District Court of Palo Pinto County, against Mrs. Mary N. Brown, a resident of that county, and W. H. Fuqua, a resident of Potter County, to recover an assessment of $1,000.00 levied by Banking Commissioner against the owner of ten certain shares of stock in the defunct Lockney State Bank of Lockney, Texas. Fuqua duly filed a plea of privilege to be sued in the county of his residence; which plea was properly contested and, upon hearing, was overruled. From the court's order overruling the plea, Fuqua appealed. The

appeal still is pending in the Court of Civil Appeals for the Eleventh District; and that court has submitted its certificate containing certified questions relating to the plaintiff's petition and to the evidence which was introduced at the hearing of the plea of privilege. The certified questions read as follows:

"First: Does the foregoing petition state a cause of action in which the defendants, Mrs. Mary N. Brown and W. H. Fuqua are properly joined in a suit in Palo Pinto County, as against the plea of privilege on the part of Fuqua?

"Second: Does the evidence of the plaintiff show a prima facie cause of action against the defendant, Mrs. Mary N. Brown?"

The plaintiff's petition reads as follows:

"Comes now Charles O. Austin, Commissioner of Banking of the State of Texas, hereinafter called Plaintiff, and leave of the Court first having been asked and obtained files this his second amended original petition in lieu of his first amended original petition heretofore filed herein, complaining of Mrs. Mary N. Brown and W. H. Fuqua, hereinafter called defendants, and for cause of action plaintiff would respectfully represent to the Court:

"That Plaintiff is the duly appointed, qualified and acting Commissioner of Banking of the State of Texas and was such at all times hereinafter mentioned, and this suit is brought by Plaintiff in such capacity; that the defendant, Mrs. Mary N. Brown is a feme sole, who resides in Palo Pinto County, Texas; that the Defendant, W. H. Fuqua, resides in Potter County, Texas.

"That on the 27th day of February, 1925, and for some time prior thereto, the Lockney State Bank of Lockney, Texas, was a banking corporation and existing under and by virtue of the laws of the State of Texas; that on said date the defendant, Mary N. Brown, was the owner of ten shares of stock in said Bank of the par value of One Hundred ($100.00) Dollars per share; that the par value of all the shares of the defendant, Mrs. Mary N. Brown, as aforesaid, was One Thousand ($1000.00) Dollars.

"That on said 27th day of February, 1925, said Bank was insolvent and unable to pay its obligations, and that plaintiff herein on said date declared said bank insolvent and thereupon took possession and charge of the said Lockney State Bank of Lockney, Texas, and has remained in charge thereof ever since said date and is now administering the affairs of said Bank.

"That the defendant, Mrs. Mary N. Brown, is claiming and asserting herein that more than one year prior to the insolvency of

said bank as aforesaid, and more than one year prior to the date that plaintiff took charge of said bank that she sold and delivered her said ten shares of stock to the defendant W. H. Fuqua, and that said defendant, W. H. Fuqua, is the owner of said stock and was such for more than one year preceding the said declaration of insolvency of said Bank by this plaintiff; that if same be true plaintiff alleges that the said defendant, Mrs. Mary N. Brown, failed to have such stock transferred on the books of said bank and failed to give said bank or its officials any notice or knowledge that such stock has been transferred to the said defendant, W. H. Fuqua, or any other person and said bank nor its officials had any notice or knowledge of such sale and transfer and that by reason thereof the said defendant, Mrs. Mary N. Brown, is liable to the same extent as if she had not transferred said stock and is now estopped to deny such ownership in her and thus avoid liability as a stockholder therein.

"Plaintiff further alleges that if he be mistaken in his allegation that the defendant, Mrs. Mary N. Brown, was the actual owner of said ten shares of stock then the said W. H. Fuqua is the actual owner of said stock and was the owner thereof at the date of such declaration of insolvency, hereinabove set out, and that the defendant, W. H. Fuqua, is liable to this plaintiff as the owner of ten shares of stock in said Lockney State Bank and that the defendant, Mrs. Mary N. Brown, is likewise liable therefor by estoppel as hereinabove alleged.

"That Plaintiff did on the 7th day of March, A. D. 1925, levy and declare necessary an assessment of one hundred per cent on all stockholders of said bank, as well as the defendants herein, and that plaintiff herein had determined at said date such assessment to be necessary and has given due and proper notice of such levy and assessment and has made proper proclamations thereof.

"That notwithstanding the facts hereinabove alleged, said defendants and each of them have hitherto failed and refused and still refuse to pay Plaintiff the said sum of One Thousand ($1000.00) Dollars as aforesaid, all to plaintiff's damage in the sum of One Thousand Two Hundred Fifty ($1,250.00) Dollars.

"Wherefore, premises considered, said defendants having answered. herein, plaintiff prays that upon final hearing hereof that he have judgment against the said defendants, Mrs. Mary N. Brown, and W. H. Fuqua, each for the sum of One Thousand ($1000.00) Dollars with interest thereon from the 27th day of February, 1925,

at the rate of six per cent per annum and in the alternative that this Court determine the true owner of said stock and that plaintiff be granted judgment against such true owner for said amounts above claimed and all costs of suit, and for such other and further relief, special or general, at law or in equity that he may show himself entitled to, and for all of which he will ever pray."

At the hearing of the plea of privilege, evidence of the following facts was adduced:

The Lockney State Bank, for some years prior to February 27, 1925, was duly organized and operating as a state bank. On the date named, the bank, being insolvent, was closed and taken in charge by the Banking Commissioner. Thereafter this official duly levied an assessment of one hundred per cent against the stockholders of the bank for the purpose of procuring funds with which to pay the creditors of the bank. Sometime during the year 1922, Mrs. Mary N. Brown purchased from the holder thereof the ten shares of stock involved in this controversy. On September 15, 1922, the certificate covering these shares was duly presented to the bank for cancellation and was cancelled. A new certificate for said ten shares was thereupon duly issued to Mrs. Brown. The latter sold these shares of stock to W. H. Fuqua, in October, 1923, and delivered to him the above certificate. Fuqua still remains the holder of the certificate and real owner of said stock. No record of this transfer to Fuqua has ever been made on the bank's books. However, a few weeks after this transfer was made, the cashier of said bank acquired knowledge of the sale of the stock to Fuqua by Mrs. Brown. At the time the bank closed, the stock still stood in the name of Mrs. Brown, on the bank's books.

Article 535 of the statutes (formerly Article 552) reads:

"If default shall be made in the payment of any debt or liability contracted by any bank, savings bank or bank and trust company, each stockholder of such corporation, as long as he owns shares therein, and for twelve months after the date of a transfer thereof, shall be personally liable for all debts of such corporation existing at the date of such transfer, or at the date of such default, to an amount double the par value of such shares."

Subject to certain exceptions, none of which is applicable to this case, the liability imposed on the stockholder by this statute attaches to the real owner of the stock and to one who, though not the real owner, holds himself out as such by allowing the stock to stand in his name, as owner, on the books of the bank. Liability reaches the .

one because of the fact of his ownership of the stock, and the other because of his being precluded from denying ownership. This liability may be enforced against both, jointly, or against either. In the main, this conclusion finds support in decisions of the Supreme Court of the United States, which involve the question of liability under a statute similar in material respects to the one quoted above. Rankin v. Fidelity Trust Co., 189 U. S., 246; Pauly v. State Loan & Trust Co., 165 U. S., 606; Bank v. Case, 99 U. S., 631; Matteson v. Dent, 176 U. S., 521; 3 R. C. L., p. 399; 7 C. J., 769.

Both Fuqua and Mrs. Brown are proper parties defendant to the suit of the Banking Commissioner to enforce the claim sued on. Both are shown by the averments of the plaintiff's petition, and the evidence introduced at the hearing of the plea of privilege, to be liable to the Banking Commissioner on the claim. It follows that suit on the claim was properly brought in Palo Pinto County, where one of said defendants resides. R. S. Art. 1995, Section 4.

We recommend that each of the certified questions be answered in the affirmative.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified.

C. M. *Cureton,* Chief Justice.