### ROWAN v. WURZBACH et al.

### No. 12543.

Court of Civil Appeals of Texas. Fort Worth.

May 30, 1931.

On the Merits, Oct. 10, 1931.

Rehearing Denied Nov. 14, 1931.

Goree, Odell & Allen, of Fort Worth, and Stevens & Stevens, of Houston, for appellant.

Alvin P. Mueller and T. M. Janssen, both of Seguin, for appellees.

On Motion to Dismiss Appeal.

CONNER, C. J.

This is an appeal by Joe K. Rowan from an order of the district court of Tarrant county sustaining the plea of privilege of H. M. Wurzbach, the defendant in the suit, to be sued in Guadalupe county, where he resides. The order was entered on the 3d day of October, 1930; the appeal bond filed on the 27th day of October, 1930; and the transcript filed in this court on January 20, 1931. The appellee Wurzbach presents a motion to dismiss the appeal on the ground that "the transcript and statement of facts appealing said case to this court was filed in this court on January 20, 1931, more than 90 days after the date of final judgment."

Subdivision 30, article 2092, of chapter 6, title 42, of the Revised Statutes 1925, relating to the rules of practice and procedure in courts of the class from which this appeal is taken, provides that judgments in such courts "shall become as final after the expiration of thirty days after the date of judgment or after a motion for a new trial is over-ruled as if the term of court had expired." No motion for new trial having been filed, the appeal bond in this case was filed within the time, so that our jurisdiction attached. But subdivision 31 of the same article, provides that in such appeals "the statement of facts and bills of exception shall be filed within ninety days after the judgment is rendered if there is no motion for new trial, but if there is a motion for new trial then ninety days after motion for new trial is over-ruled."

Article 2093 of said chapter 6 provides that all laws and rules of practice and procedure provided for other district courts shall continue in effect and operate and be observed in the several district courts of the class covered by this law when not in conflict with the special law regulating the practice and procedure in the courts in the class from which this appeal was taken.

There is no specific provision in the special law to which we have referred which designates the time within which transcripts on appeal shall be filed in this court, but by article 1839 of the Revised Statutes, relating to proceedings on appeal from district courts generally, it is provided that, "in appeal or

writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfection of the appeal or service of the writ of error; provided, that for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe."

As stated, appellant's appeal bond in this case was filed on October 27, 1930, and the transcript filed in this court on January 20, 1931, within the 90 days from the "perfection of the appeal."

In section 517, vol. 3, of Texas Jurisprudence, it is said: "On appeal the transcript is required to be filed within ninety days from the perfection of the appeal. An appeal is perfected when the appellant files an appeal bond in compliance with the law, and hence the time for filing the transcript runs from the date of the filing of an appeal bond with the clerk of the trial court. This is equally true of appeals from interlocutory orders appointing receivers, since the statute contains no particular provision as to the time within which transcripts must be filed in such cases."

We conclude that the motion to dismiss must be overruled.

## On the Merits.

DUNKLIN, J.

This suit was instituted in the district court of Tarrant county by Joe K. Rowan, a resident of Harris county, against H. M. Wurzbach, a resident of Guadalupe county, L. C. Turman, a resident of Tarrant county, and the Grayburg Oil Company, having its domicile in Bexar county, and this appeal is prosecuted by the plaintiff from a judgment sustaining Wurzbach's plea of privilege to be sued in the county of his residence.

According to allegations in plaintiff's petition, he discovered a tract of land situated in Guadalupe county which was owned by that county and was located in an oil-producing area, and, after making that discovery, he and Wurzbach entered into a parol agreement to acquire from the county a mineral lease upon the land for the purpose of developing the same for oil and gas. Under the terms of that agreement, plaintiff and Wurzbach were to acquire title to said lease which was to be taken in the name of Wurzbach, and they were to share equally in whatever might be realized from the lease to be so acquired. In pursuance of that agreement, Wurzbach did acquire a lease from the county in his own name. By the terms of the lease, the county reserved a royalty of one-eighth of all the oil, gas, and other minerals that might be produced from the land, and, in addition thereto, it was to have $5,000 to be paid out of the first oil produced from the land. In order to adjust adverse claims of other parties, Wurzbach conveyed to them an overriding royalty of

one thirty-second of all the oil, gas, and other minerals that might be produced from the land. Thereafter Wurzbach assigned and conveyed the lease to defendant L. C. Turman, together with all the rights, title, and interest growing out of the same. By the terms of that assignment, Wurzbach reserved to himself an overriding royalty of one sixty-fourth of all the gas, oil, and other minerals produced from the land after satisfaction of the royalty interests in the county and the other adverse claimants; and, in addition thereto, Turman agreed to pay to Wurzbach the sum of $7,500 out of the first oil, gas, or other minerals that might be produced and saved from the land.

According to further allegations in plaintiff's petition, the land was developed by Turman by drilling thereon for oil, and a well was drilled which produced during the month of January on an average of 1,000 barrels per day, or an aggregate of 60,000 barrels, at a market value of $1.25 per barrel. The oil produced from the well was transported by the defendant Grayburg Oil Company through its pipe lines for market purposes, and it is now in possession of the oil or the proceeds arising from the sale thereof.

Defendant Turman now has in his possession the sum of $7,500, which is due and owing to Wurzbach under the terms of the latter's lease in Guadalupe county, over and above the amounts accruing to the county and other adverse claimants who hold the overriding royalties above mentioned; and plaintiff seeks to recover as against all the defendants one-half of the $7,500 just mentioned, and also one-half of the one sixty-fourth royalty which may accrue to Wurzbach in the future, under the terms of his contract of assignment of the lease to Turman.

Defendant Turman filed an answer disclaiming any interest or title in the $7,500, which he contracted to pay to Wurzbach, and also the one sixty-fourth overriding royalty interest which he agreed to pay to Wurzbach; also recognizing the rights of Guadalupe county to the royalty reserved by it in the lease, and also the overriding royalty assigned by Wurzbach to other adverse claimants. His answer further alleges that he has on hand the $3,750 sued for by the plaintiff, which was one-half of the $7,500 which he agreed to pay to Wurzbach for the oil produced from the well after payment of the other royalties to the county and the adverse claimants mentioned above. Turman further alleged that he has on hand $301.86, which is one-half of the one sixty-fourth overriding royalty reserved by Wurzbach in the assignment of the lease to Turman; the total amount which he thus admitted to be in his hands was $4,051.86, to which he disclaimed title, and with further allegations that he was holding the same as trustee subject to the

order of the court. He further prayed for an order allowing him to deposit those funds in the registry of the court subject to the disposition of the court on final trial.

Defendant Wurzbach filed his plea of privilege, claiming his right to be sued in Guadalupe county, the county of his residence, all of which was in statutory form, together with further allegations that neither L. C. Turman nor the Grayburg Oil Company was a proper or necessary party to the suit which is for unliquidated damages, and that the plaintiff alleged no cause of action against any of the defendants except him (Wurzbach) with the further allegation that Turman and the Grayburg Oil Company were made parties defendant for the fraudulent purpose of fixing venue of the suit in Tarrant County against Wurzbach.

In answer to the plea of privilege, the plaintiff filed a controverting affidavit in which venue of the suit against Wurzbach was claimed under and by virtue of subdivisions 4 and 29a of article 1995, Rev. Civ. Statutes. There were further allegations that both Wurzbach and Turman were proper and necessary parties, and were properly joined as defendants in the case by reason of the facts already alleged in plaintiff's original petition, which are expressly referred to and adopted; and also repeating his former allegations with respect to the amounts collected and now held by Turman under the terms of the transfer of the lease to him by Wurzbach.

There were further allegations in the controverting affidavit in substance as follows: On the 14th day of March, 1930, which was ten days after the institution of this suit, the Grayburg Oil Company, one of the defendants in this suit, filed a suit in the district court of Bexar county in the nature of an interpleader against L. C. Turman and H. M. Wurzbach and Joe K. Rowan, who are all parties to the present suit, and several others alleging that the plaintiff in that suit had on hand $44,157.69, the proceeds of the oil produced from the land in controversy in this suit, which was held by the Grayburg Oil Company as trustee for the use and benefit of the rightful owners and seeking an adjudication by the court of the rights thereto of the parties defendants. The money so held on hand was deposited in the registry of the court, with a prayer that it be discharged of all liability therefor. A judgment was rendered in that case on March 14, 1930, in which the $7,500 was decreed to L. C. Thurman without prejudice to any rights that Rowan and Wurzbach might thereafter assert in the Seventeenth district court of Tarrant county in the suit now before us. In plaintiff's controverting affidavit in this suit it was further alleged, in substance, that the defendant Wurzbach assented to said judgment, and by

reason thereof he waived his plea of privilege filed in this suit.

The trial of the plea of privilege was before the court without a jury, and the trial judge filed findings of fact and conclusions of law, which appear in the record. The finding of facts so filed by the trial court show that the allegations of facts contained in the plaintiff's petition and controverting affidavit were true, and those findings are amply supported by the evidence.

■■ Article 1995, Rev. Civ. Statutes, provides that no person who is an inhabitant of this state shall be sued out of the county of his residence except in certain cases. Exception 4 of that article reads as follows: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

That article of the statute was amended by the Fortieth Legislature, First Called Session (see Acts page 197, c. 72), and section 2 thereof reads (Vernon's Ann. Civ. St. art. 1995, subd. 29a) as follows:

"That a new Subdivision be added to Article 1995, to be designated as Subdivision 29a, reading as follows:

"29a. Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

We shall not undertake to determine whether or not exception 29a had the effect to supersede exception 4. If it can be said that Wurzbach was a necessary party to plaintiff's suit, then unquestionably exception 29a, which is a later enactment than exception 4, must be given effect. And we have reached the conclusion that under the facts recited he was a necessary party. In 3 Words and Phrases (2d Series) p. 543, there are several definitions of what is meant by "necessary parties." One of those definitions reads: "All persons who are interested in the subject-matter of a suit, and who will be affected by the results thereof, are 'necessary parties.'"

Another definition reads: "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience, are 'necessary parties.'"

Many other authorities might be cited to a like effect, such as Pomeroy's Equity Jurisprudence, vol. 1, §§ 114 and 115; 20 R. C. L. pp. 680, 681. And we concur in the conclu-

sion reached by the Dallas Court of Civil Appeals in Duvall v. Boyer, 35 S.W.(2d) 181, 184, to the effect that the language used in exception 29a " 'any and all necessary parties thereto' should be construed to mean 'all persons whose presence is necessary to the determination of the entire controversy,' viz., those who are interested in resisting demands of plaintiff immediately or subsequently and whose rights will be affected thereby." See, also, Oakland Motor Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Montgomery v. Owen (Tex. Civ. App.) 37 S.W.(2d) 1107; Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Fuqua v. Shaw, 119 Tex. 325, 29 S.W.(2d) 319. Since Wurzbach was the sole grantee in the lease from Guadalupe county, and Turman's contract was to pay him the consideration involved in this suit, a recovery by Rowan against Turman for one-half of that consideration would necessarily affect Wurzbach's prima facie title to the whole, and we believe it to be clear that Wurzbach was a necessary party to plaintiff's suit. Undoubtedly, Turman was also a necessary party defendant, since he alone had possession of the royalties; notwithstanding he held the same as a stakeholder, disclaiming any interest therein, but desirous of having the conflicting claims of plaintiff and Wurzbach adjudicated, for his protection against a double recovery for any part of the royalties.

And, since the suit was instituted in Tarrant county, where Turman resided, the court erred in sustaining Wurzbach's plea of privilege.

Accordingly, the judgment of the trial court sustaining the plea of privilege is set aside and vacated, and judgment is here rendered overruling the plea of privilege; and this decision will be certified to the trial court for observance.