**TRADERS & GENERAL INS. CO. v. ROBERTS et al.**

No. 13485.

Court of Civil Appeals of Texas. Fort Worth.

April 24, 1936.

T. R. Boone, E. T. Duff, and Otis E. Nelson, all of Wichita Falls, for appellant.

O. M. Street and Paul T. Doss, both of Dallas, for appellee J. M. Roberts.

W. B. Handley, of Dallas, for appellee Employers' Liability Assur. Corporation, Limited.

BROWN, Justice.

Appellee, J. M. Roberts, secured a judgment against appellant, Traders & General Insurance Company, in the district court of Archer county on November 12, 1935. Appellant filed its original motion for a new trial on November 21, 1935, and its amended motion on December 9, 1935, and such amended motion was overruled on December 16, 1935, at which time appellant gave due notice of appeal, and filed its appeal bond on December 31, 1935.

Appellant tendered the transcript of the record and statement of facts to the clerk of the Court of Civil Appeals for filing on March 7, 1936, but the clerk refused to file same, and the court orally ordered the clerk to file same on March 11, 1936.

Appellees move to strike the transcript and statement of facts because not filed in due season. Appellant resists the motion and moves in the alternative to be permitted to dismiss his appeal.

Appellant relies upon the provisions of chapter 105 of the Acts of the 44th Legislature of Texas at its Regular Session, 1935 (page 289 of published acts [Vernon's Ann. Civ.St. art. 2093a]), and contends that such act by implication repeals article 1839, R.C. S., as amended by the Act of the 43d Legislature (1933), chapter 67, p. 142 of published acts (Vernon's Ann.Civ.St. art. 1839).

■ The new act relied upon purports to create a special practice act for the district courts which necessarily fall within its class. We concede that the provisions of the act apply to all the district courts which sit in Wichita county, Tex., including that of the Thirtieth judicial district which sits in Wichita, Young, and Archer counties.

■ We are particularly concerned with the provisions of subdivision 4 of section 1 of the act (Vernon's Ann.Civ.St. art. 2093a, § 1, subd. 4), as follows: "In appeals from such District Courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within thirty days after the motion for new trial is overruled. In such appeals the statement of facts and bills of exception shall be filed within ninety days after the judgment is rendered if there is no motion for new trial, but if there is a motion for new trial then ninety days after motion for new trial is overruled. When a statement of facts or bills of exception is presented to the adverse party or his attorney it shall be returned within five days signed by the attorney of such adverse party if found correct, and if found incorrect shall be returned within that time with a written statement of the objections thereto."

Article 1839, as amended, provides that on appeals taken by writ of error, or appeal, the appealing party "shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or service of the writ of error." And provides for an extension of not less than fifteen days for filing same, if a proper motion is timely made.

The new practice act on which appellant relies does not deal with the transcript. It is silent on the question of the filing of the transcript. It deals solely with bills of exception and the statement of facts.

But undoubtedly the Legislature has attempted to pass a special practice act applicable to the district court in which this cause was tried.

The Supreme Court has held that a similar act, which applies to Bexar, Dallas, Harris, and Tarrant counties, and all other counties falling in the class defined in the act, is valid and well within the power of

the Legislature to enact (See Vernon's Ann. Civ.St. art. 2092, and Phil H. Pierce Co. v. Watkins (Tex.Sup.) 263 S.W. 905).

Therefore we hold that this special practice act is valid, and since its purpose was to provide a different method of perfecting appeals, from those that obtain generally over the state, and specifically in counties which fall within the former special practice act, we hold that the provisions allowing 90 days within which to file bills of exceptions and a statement of facts must, of necessity, be construed so as to give appealing parties 90 days within which to file in the Court of Civil Appeals, the transcript which must contain the bills of exception.

Our presumption may do violence to the intent of the Legislature, but if the lawmakers did not act with such intention, then the act is a complete abortion, and all litigants who rely upon it are left without the right of appeal, by reason of the provisions of article 1839.

Appellant having tendered the transcript and statement of facts for filing here within 82 days after its motion for a rehearing was overruled, and notice of appeal given, the motion to strike the statement of facts and the transcript is overruled.