### HANKS et ux. v. TEXAS EMPLOYERS INS. ASS'N.
### No. 3447.

Court of Civil Appeals of Texas. Beaumont.
Oct. 4, 1938.

Rehearing Denied Nov. 2, 1938.

Shivers & Keith, of Port Arthur, for appellants.

David C. Marcus, of Beaumont, for appellee.

## PER CURIAM.

March 26, 1938, final judgment was entered in this case against appellants, Edgar Hanks, et ux., in favor of appellee, Texas Employers Insurance Association; on that day the lower court duly entered appellants' notice of appeal to this court. June 23, 1938, within ninety (90) days after appellants had duly perfected their appeal to this court, but more than seventy-five (75) days, they presented to our Clerk their transcript and statement of facts in this cause, and requested that they be filed. On the day they were received, the Clerk notified appellants, in writing, that their record would not be filed "because received too late." July 9, 1938, appellee filed its motion "to affirm on certificate;" July 13, 1938, appellants filed their motion "to require the Clerk to file transcript and statement of facts." September 20, 1938, we entered our order consolidating these two motions, and our further order granting appellee's motion to affirm on certificate, and overruling appellants' motion to require the Clerk to file their transcript and statement of facts. These matters are now before us on appellants' motion for rehearing.

## Opinion.

Under Art. 1839, R.C.S., as amended by the 42nd Legislature, to read as follows: "In appeal or Writ of Error the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe" (as amended Acts 1931, 42nd Leg., p. 100, ch. 66, P. 1), appellants' transcript and statement of facts were presented to the Clerk too late for filing— more than seventy-five (75) days after they had perfected their appeal. But appellants contend that, under sec. 31 of Art. 2092, R.C.S., reading as follows: "Appeal bonds filed, when.—In appeals from such civil district courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within thirty days after the motion for new trial is overruled. In such appeals the statement of facts and bills of exception shall be filed within ninety days after the judgment is rendered if there is no motion for new trial, but if there is a motion for new trial then ninety days after motion for new trial is overruled. When a statement of facts or bills of exception is presented to the adverse party or his attorney it shall be returned within five days signed by the attorney of such adverse party if found correct, and if found incorrect shall be returned within that time with a written statement of the objections thereto, (Acts 1923, p. 215)", they had ninety (90) days from the time they perfected their appeal in which to file their transcript and statement of facts; their appeal was prosecuted from a judgment of the district court of Jefferson County, and the practice in the courts of that county is regulated by Art. 2092. In support of their contention, appellants cite the following authorities: Traders & General Insurance Company v. Roberts, Tex.

Civ.App., 93 S.W.2d 1203; Rowan v. Wurzbach, Tex.Civ.App., 44 S.W.2d 1033; Pittman v. City of Wichita Falls, Tex. Civ.App., 117 S.W.2d 491. These authorities construe the practice act regulating the district courts of Wichita County, and the other counties constituting that judicial district.

We do not analyze appellants' authorities, nor do we express an opinion on the construction given by the court to the practice act in issue in those cases. It has been the uniform holding of this court to read Art. 1839 into, and make it a part of, Art. 2092. This is the first time our construction of this Article has been challenged. We adhere to our construction because, thereby, we are enforcing in this district a uniform practice regulating appeals. Art. 1839, as amended, was passed long subsequently to the enactment of Art. 2092; as we construe its language, it is broad enough to regulate appeals from all courts.

Appellants' motion for rehearing is overruled.