EDGAR HANKS ET UX V. TEXAS EMPLOYERS
INSURANCE ASSOCIATION.

No. 7514. Decided May 17, 1939.
(128 S. W., 2d Series, 1.)

*Shivers & Keith,* of Port Arthur, for plaintiffs in error.

It was error for the Court of Civil Appeals to grant the motion to affirm on certificate, for the reason that the suit was filed under Article 2092, R. S. 1925, and appellants had ninety days within which to file transcript and statement of facts, and the clerk of said court was without authority to refuse to file same. Pittman v. City of Wichita Falls, 117 S. W. (2d) 491; Rowan v. Wurzbach, 44 S. W. (2d) 1033; Traders & Gen. Ins. Co. v. Roberts, 93 S. W. (2d) 1203.

*David C. Marcus,* of Beaumont, *Sewell, Taylor, Morris & Connally,* of Houston, for defendant in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is an appeal of a civil suit from one of the district courts of Jefferson County, and the question presented is: Does the law require the transcript and statement of facts to be filed in the Court of Civil Appeals within sixty days

from the final judgment or order overruling motion for a new trial, or perfection of the writ of error, as required by Article 1839, or within ninety days, as provided for under Section 31 of Article 2092 and under Subdivision 4 of Article 2093a, Revised Civil Statutes of Texas.

On March 26, 1938, final judgment was entered in the 60th District Court of Jefferson County against Edgar Hanks et ux., in favor of the Texas Employers Insurance Association. On that day the trial court duly entered notice of appeal. On June 23, 1938, within ninety days after the appeal had been duly perfected, but more than seventy-five days thereafter, the transcript and statement of facts were presented to the clerk of the Court of Civil Appeals, to be filed; but the clerk refused to file same, because received too late. On July 9, 1938, the Texas Employers Insurance Association filed its motion to affirm on certificate. On July 13, 1938, Hanks and wife filed their motion to require the clerk to file the transcript and statement of facts. On September 20, 1938, the Court of Civil Appeals entered an order consolidating the two motions, and entered a further order granting the motion of the Texas Employers Insurance Association to affirm on certificate,— and at the same time overruled the motion of Hanks and wife to require the clerk to file the transcript and statement of facts. 120 S. W. (2d) 831. A writ of error was granted.

The Legislature has enacted several laws regulating the time within which to file a transcript in the Court of Civil Appeals in a case appealed from a lower court. The general rule is provided for in Article 1839 of the Revised Civil Statutes, which reads as follows:

"In appeal or Writ of Error the Appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or service of the writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty days period, showing good cause to have existed within such sixty day period, why said transcript could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe. (As amended Acts 1931, 42nd Leg., p. 100, ch. 66; Acts 1933, 43rd Leg., p. 142, ch. 67.)"

To meet conditions that have grown up in counties which have several district courts, the Legislature in 1923 enacted

Article 2092, relating to the procedure controlling appeals to the courts of civil appeals in cases arising in those counties having two or more district courts with civil jurisdiction only, and said article in part reads as follows:

"The following rules of practice and procedure shall govern and be followed in the civil district courts in counties having two or more district courts with civil jurisdiction only, whose terms continue for three months or longer, to-wit:

\* \* \* \* \* \*

"31. Appeal bonds filed, when.—In appeals from such civil district courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within thirty days after the motion for new trial is overruled. In such appeals the statement of facts and bills of exception shall be filed within ninety days after the judgment is rendered if there is no motion for new trial, but if there is a motion for new trial then ninety days after motion for new trial is overruled. When a statement of facts or bills of exception is presented to the adverse party or his attorney it shall be returned within five days signed by the attorney of such adverse party if found correct, and if found incorrect shall be returned within that time with a written statement of the objections thereto."

The Legislature also in 1935 enacted Article 2093a, which prescribes rules of practice and procedure in district courts in counties wherein sit three district courts with both civil and criminal jurisdiction, in the following language:

"Section 1. The following rules of practice and procedure shall govern and be followed in each District Court sitting for all of its terms or for only some of its terms in a county where three District Courts, with both civil and criminal jurisdiction, sit and have jurisdiction, none of which has more than four terms a year, and one of which sits in and has jurisdiction in not less than two other counties, to-wit:

\* \* \* \* \* \*

"Subdivision 4. Appeal Bonds Filed, When.—In appeals from such District Courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within thirty days after the motion for new trial is overruled. In such appeals the statement of facts and bills of exception shall be filed within

ninety days after the judgment is rendered if there is no motion for new trial, but if there is a motion for new trial then ninety days after motion for new trial is overruled. When a statement of facts or bills of exception is presented to the adverse party or his attorney it shall be returned within five days signed by the attorney of such adverse party if found correct, and if found incorrect shall be returned within that time with a written statement of the objections thereto."

Jefferson County constitutes the 58th and 60th Judicial District Courts, with civil jurisdiction only, and the law requires that there shall be two terms of such courts each year. (Article 199, 58th and 60th Judicial District Courts of Jefferson County, Revised Civil Statutes of Texas.) A district court with exclusive jurisdiction over all criminal cases of the grade of felony in Jefferson County was created under the provisions of Article 52-160 of the Code of Criminal Procedure of Texas.

The Honorable Court of Civil Appeals held that the transcript and statement of facts tendered to the clerk of the Court of Civil Appeals more than sixty days after the final judgment of the trial court was controlled by Article 1839, supra, and that the clerk of such court was correct in not permitting same to be filed.

The history of the three Acts cited above clearly shows that Article 1839 prescribes the general rule of sixty days within which a transcript and statement of facts may be filed with the clerk of a court of civil appeals. In counties having two or more district courts with civil jurisdiction only, and whose terms continue for three months or longer, the rule prescribed in Article 1839 worked a hardship on litigants who desired to appeal their cases to the appellate courts. The time allowed was too short within which to file a transcript and statement of facts, and the Legislature lengthened the period of time within which to file a statement of facts and bills of exception to ninety days, by enacting Article 2092, the pertinent parts of which are copied above.

Article 2093a was enacted to meet the needs of litigants in those counties where three district courts sit and have both civil and criminal jurisdiction; each court sitting for all of its terms or for only some of its terms, and none of which courts has more than four terms a year, and one of which sits in and has jurisdiction in not less than two other counties.

This Court upheld the validity of Article 2092 in the case of Phil H. Pierce Co. v. Watkins, 114 Texas 153, 263 S. W. 905.

While not on the precise question presented here, this article, as well as other articles of the statutes, has been cited and discussed in the following cases: Houston Life Ins. Co. v. Dabbs, 125 Texas 100, 81 S. W. (2d) 42; Independent Life Ins. Co. v. Work, 124 Texas 281, 77 S. W. (2d) 1036; Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031; Millers Mutual Fire Ins Co. v. Wilkirson, 124 Texas 312, 77 S. W. (2d) 1035.

For a discussion of those sections of Article 2092 and 2093a which authorizes the filing of a statement of facts and bills of exceptions within a period of ninety days after the judgment of the district court has become final, see Traders & General Ins. Co. v. Roberts, 93 S. W. (2d) 1203; Rowan v. Wurzbach, 44 S. W. (2d) 1033; Pittman v. City of Wichita Falls, 117 S. W. (2d) 491.

■■ It will be noted that Section 31 of Article 2092 and Subdivision 4 of Section 1, Article 2093a do not mention the filing of a transcript, but do mention specifically the filing of a statement of facts and bills of exceptions. Mr. Justice Brown, speaking for the Court of Civil Appeals in the case of Traders and General Ins. Co. v. Roberts, supra, in construing Subdivision 4, Section 1, of Article 2093a, used language which we think equally applies to Section 31 of Article 2092, and is a correct construction of these two provisions of the two articles above mentioned. He said:

"Therefore we hold that this special practice act is valid, and since its purpose was to provide a different method of perfecting appeals, from those that obtain generally over the state, and specifically in counties which fall within the former special practice act, we hold that the provisions allowing 90 days within which to file bills of exceptions and a statement of facts must, of necessity, be construed so as to give appealing parties 90 days within which to file in the Court of Civil Appeals, the transcript which must contain the bills of exception."

■ We see no reason why Section 31 of Article 2092 and subdivision 4, Section 1, of Article 2093a are not valid. Whether this case falls under Section 31 of Article 2092 or Subdivision 4, Section 1 of Article 2093a, the transcript and statement of facts were presented to the clerk to be filed within the ninety days allowed in both of such provisions of the statutes, and it was error to refuse to file them.

The Honorable Court of Civil Appeals erred in not permitting the transcript and statement of facts to be filed, and

the judgment of that court in this respect must be reversed; and this cause is remanded to that court with instructions to permit the filing of such transcript and statement of facts and for further consideration of this cause upon its merits.

Opinion delivered May 17, 1939.