634

**TAVERA v. OVALLE et ux.**

No. 14055.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 25, 1940.

A. A. Garza and Jay Sam Levey, both of San Antonio, for appellant.

William Alter and Henry Castillo, both of San Antonio, for appellees.

SMITH, Chief Justice.

This matter is governed by the so-called Special Practice Act now embraced in amended Art. 2092, Vernon's Annotated Civil Statutes, Acts 1939, 46th Leg. p. 205, and particularly by the provision of § 31 of the Act that "in appeals" thereunder "the statement of facts and bills of exception shall be filed within ninety (90) days after the judgment is rendered if there is no motion for new trial * * *" as in this case.

■ As a matter of fact this statute does not mention Courts of Civil Appeals, or the transcript of the record, or make any provision or prescribe any time for filing statements of facts or transcripts in the Courts of Civil Appeals. But our Supreme Court, in giving practical application to the statute, and in aid of orderly procedure and the right of appeal, have approved a Court of Civil Appeals' holding that under the quoted provision of § 31 of the Act, the appealing party is allowed ninety days after rendition of judgment in which to file his record in the Court of Civil Appeals. Hanks v. Texas Employers Ins. Ass'n, 133 Tex. 187, 128 S.W.2d 1.

In this case, however, the appellant did not file his record in this court within ninety days after rendition of judgment, but did, on the ninety-first day after judgment, tender the record to the clerk of this court, who declined to file it on the ground that it was tendered too late. Thereupon appellant filed his motion for leave to file the record, even though not tendered until the ninety-first day after judgment.

We are of the opinion that this court has no authority to order or permit the filing of a record tendered after the time prescribed by law has fully expired, at least in the absence of a motion for extension of that time filed before the expiration, and showing good cause.

Under the general statute on this subject it is provided that the record be filed in this court "within sixty (60) days from the final judgment * * *; provided, by motion filed before, at, or within a reasonable time; not exceeding fifteen (15) days, after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period, why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." Art. 1839, R.S.1925, as amended Acts 1939, 46th Leg. p. 58, § 1, Vernon's Ann.Civ.St. art. 1839.

■■ It has been definitely held, however, that those provisions are inapplicable to appeals in cases tried under the pro-

visions of Art. 2092, the Special Practice Act. Hanks v. Texas Employers Ins. Ass'n, supra. We are therefore relegated to the relevant provision of § 31, Art. 2092, for the governing procedure in this case. That provision is that the record "shall be filed within ninety (90) days after the judgment is rendered." In the Hanks case our Supreme Court has held that that provision governs the time of filing records in Courts of Civil Appeals. Neither the language of the statute, nor the construction thereof by the Supreme Court, authorizes Courts of Civil Appeals to enlarge that time; those courts are given no discretion in the matter. Here the record was tendered for filing in this court, not within the prescribed ninety days, but on the ninety-first day, after judgment. So far as the authority of this court goes, the tender might as well have been on the one-hundredth, or one hundred and twentieth, or any other day, after judgment.

The motion for leave to file transcript must be denied.