**FIRST NAT. BANK IN GRAHAM et al.**
**v. CORBIN et al.**

No. 14254.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 7, 1941.

Rehearing Denied March 14, 1941.

Penix & Penix and Marshall & King, all of Graham, for appellants.

McFarlane & McFarlane, of Graham, for appellees.

BROWN, Justice.

The motion before us is bottomed on the assertion that the trial court rendered judgment on October 3rd, 1940, and no motion for a new trial was filed, and no appeal bond was filed until November 27th, 1940, by appellant First National Bank and none filed by Continental Supply Company until December 18th, 1940, and that therefore the judgment became final before these appeal bonds were filed; and that the transcript and statement of facts were tendered for filing and were filed more than 90 days after the judgment was rendered and without any motion being made for an extension of time for such filing.

The District Court of Young County is within the 30th Judicial District, which is composed of three counties, viz., Archer, Wichita and Young, and we have applied and must apply the provisions of Article 2093a, Vernon's Texas Annotated Civil Statutes.

See Traders & General Ins. Co. v. Roberts, Tex.Civ.App., 93 S.W.2d 1203, expressly approved by the Supreme Court in Hanks v. Texas Employers Ins. Ass'n, 133 Tex. 187, 128 S.W.2d 1.

We have read the transcript prepared by the District Clerk of Young County, and find that his certificate certifies, "that the above and foregoing is a true, full and correct copy of the proceedings in cause No. 10,548, styled First National Bank vs. N. B. Crenshaw et al, as the same appears and remains on file in my said office."

This transcript of the records of the said Clerk's office does not show nor does it purport to show that the trial court rendered judgment in said cause on October 3rd, 1940, as is contended for.

The judgment (which is long and complicated because of the number of parties litigant and controverted claims) begins with the words: "On this the 3rd day of October, A. D. 1940, coming on to be heard the above entitled and numbered cause, etc.", and then recites that a jury was impaneled and that certain issues were submitted to the jury, and that: "Upon return of the verdict of the jury into open court, and the court having been informed that the jury had not and could not agree upon their answer to special issue No. 1, the court discharged said jury, and thereafter upon further hearing and consideration of said cause, the report of said Master in Chancery, exceptions and pleadings of all parties thereto, as well as the evidence in this cause, finds as follows:

Then follows the judgment, which bears the following pronouncement of the trial court just above his signature: "This judgment entered and signed by the court on November 20th, 1940."

It is true that we find attached to the motion before us a certificate signed by the District Clerk which asserts, among other things: "That on September 19th, 1940, said consolidated cause came on for trial before a jury and that on October 3rd, 1940, the court rendered a judgment therein * * * and that November 20th, 1940, the judgment theretofore rendered October 3rd, 1940, was signed and filed by the judge of said court and that I as such clerk entered the same."

It is readily seen that no judgment, pronouncement of judgment or any other record showing that the trial court rendered judgment is shown, or even alluded to, except the judgment that appears in the transcript and portions of which we have copied above.

■ If the purpose of the clerk's certificate attached to the motion before us is presented to us to impeach the certificate made by the clerk to the transcript, as well as to impeach the transcript itself, we hold that this cannot be done, as is attempted here.

■ A transcript may be impeached, where errors may appear, by a motion for a writ of certiorari to perfect the record, and the certificate of the clerk to the correctness of the record which is to take the place of the erroneous record is necessary; or where there is an omission of some portion of the record, the transcript may be amended, by such writ, and the certified copies of the omitted portions of the record thus brought up.

■ The transcript filed in this court shows upon its face that the judgment was rendered November 20th, 1940, and the motion before us is without merit, and same is overruled.

See Cleburne National Bank et al. v. Bowers, 130 Tex. 637, 112 S.W.2d 717, Commission of Appeals adopted by Supreme Court.