FARMERS' STATE BANK OF NEWLIN v. BELL et al. (No. 779.)

(Court of Civil Appeals of Texas. Amarillo. May 1, 1915.)

1. APPEAL AND ERROR ☞797—DISMISSAL—MOTION—TIME.

Under rule 8 for the Court of Civil Appeals (142 S. W. xi), requiring motions relating to informalities in the manner of bringing the case up, to be filed within 30 days after the transcript is filed, a motion not filed within 30 days, to dismiss a writ of error, on the ground that the petition for the writ was not filed within 12 months after final judgment, must be dismissed, unless the objection is jurisdictional.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3149–3154; Dec. Dig. ☞797.]

2. APPEAL AND ERROR ☞361—WRIT OF ERROR—WAIVER OF PETITION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2088, provides for petitions for writs of error, and prescribes the requisites. Held that, as the requisites are purely formal, the petition for a writ of error may be waived by the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1941–1959; Dec. Dig. ☞361.]

3. CHATTEL MORTGAGES ☞21—PROVISIONS—VALIDITY.

A stipulation in a chattel mortgage that it should be security for any other debt due from the mortgagor, not to exceed a specified sum, is valid.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 67, 69; Dec. Dig. ☞21.]

4. CHATTEL MORTGAGES ☞176—ACTION FOR CONVERSION—SPECIAL FINDINGS—GENERAL VERDICT.

Defendant made a note, which was transferred to plaintiff for a valuable consideration. Thereafter, to secure another note, defendant executed to plaintiff a chattel mortgage, which was duly registered, which provided that it should be security for any other indebtedness due or to become due from defendant, not exceeding a sum specified. In response to special issues, the jury found that no false representations were made by plaintiff to defendant when he executed the mortgage, though he did not understand that it was to cover any note, except the one for which it was primarily given. The mortgaged property was sold by the mortgagor to other defendants for an amount in excess of that of the note for which it was primarily given, and the proceeds applied to that note. Held that, in a suit by plaintiff for conversion of the property, a general verdict for defendants would not overturn the answers to the special issues, and defendants were liable.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 335, 337–339; Dec. Dig. ☞176.]

5. CHATTEL MORTGAGES ☞176—CONVERSION OF MORTGAGED PROPERTY—DAMAGES—MEASURE.

The measure of damages for the conversion of mortgaged property is the market value of the property taken, with legal interest from the date of conversion.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 335, 337–339; Dec. Dig. ☞176.]

Error from Hall County Court; John D. Bird, Judge.

Action by the Farmers' State Bank of Newlin against J. M. Bell and others. There was

---

a judgment for defendants, and plaintiff brings error. Reversed and remanded.

Stovall Johnson, of Memphis, for plaintiff in error. W. B. Howard, of Childress, for defendants in error.

HALL, J. [1] Defendants in error move this court to dismiss this proceeding upon the ground that the petition for writ of error was not filed until more than 12 months after the final judgment was rendered in the trial court. The record was filed in this court on the 11th day of January, 1915. The motion to dismiss was not filed until April 16, 1915. Rule 8 for the Courts of Civil Appeals (142 S. W. xi) requires that motions relating to informalities in the manner of bringing a case into court shall be filed by the clerk and entered on the motion docket within 30 days after the transcript is filed in this court, otherwise the objection shall be considered as waived, if it can be waived by the party. It follows that, unless the question raised is jurisdictional, defendant in error has waived his right to object.

[2] The motion to dismiss is met by sworn statement made by the attorney for plaintiff in error, which shows that shortly after the bond was filed in the trial court, and within the 12 months, he asked the county clerk of Hall county to prepare the record, and informed the clerk that the application or petition for writ of error had been waived, as well as the issuance of citations to the various defendants in error. It is stated by way of explanation that the clerk was inexperienced, and insisted that she should have a petition for writ of error before preparing the record, and that affiant, in order to satisfy the clerk, made the application, which appears in the record to have been filed too late. The facts stated in this affidavit are uncontroverted. The question then is: Can the filing of a formal petition for writ of error be waived? It is held in Seybold v. Boyd, 14 Tex. 460, that both the petition for writ of error and citation may be waived, either expressly or by appearance of the defendant. The jurisdiction of this court does not attach where it is sought to bring the case here by writ of error until the citation has been served. Garney v. Menefee, 53 Tex. Civ. App. 490, 118 S. W. 1083; Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544. Although the Seybold decision was based upon the Practice Act of 1846, p. 363 (2 Gammels' Laws of Texas, p. 1706), we find that under the present law (2 Vernon's Sayles' Civil Statutes, art. 2088) the requirements of a petition for writ of error are formal, and in this respect are similar to the requirements provided by article 2091, for the citation.

Notwithstanding the decisions of two other states hold that the filing of a petition for writ of error is a necessity, we believe it to be a matter which may be waived, under our practice.

[3, 4] On May 13, 1912, defendant Bell made to defendant Graddy a note for $249.73, due December 1, 1912, providing for interest and attorneys' fees. Graddy indorsed and transferred this note to plaintiff in error the 1st day of September, 1912, for a valuable consideration. On June 3, 1912, Bell executed and delivered to plaintiff in error a mortgage upon certain live stock to secure his note for $200, of even date therewith, due November 1, 1912. Among other stipulations, this mortgage provides:

"It is further expressly understood that, in addition to the indebtedness above specified, this mortgage shall cover and be security for any and all other indebtedness due or to become due from the first party to the second party prior to the date of the release of this instrument, by the second party or its assigns, whether the additional indebtedness be evidenced by a note or notes or by open account, whether made to said second party or purchased by it, but which said additional indebtedness not specifically mentioned herein shall not exceed in amount the sum of $———."

This mortgage was duly registered, and on November 30, 1912, thereafter, defendants Sims and Bruce bought the livestock described in the mortgage.

The case was tried before a jury upon special issues. The answers of the jury to the issues are in effect that the cashier of the bank did not make any false representations to Bell at the time he executed the mortgage, as to its contents, but that Bell did not understand that the mortgage was intended to cover any note, except a $200 note. They further found that the proceeds arising from the sale of the mortgaged property were paid upon the $200 note, and that the value of the mortgaged property was $325. The jury then returned a general verdict for the defendants. Defendants' answer did not allege misrepresentation or fraud. It is settled law in this state that such a stipulation as we have quoted above in a chattel mortgage is valid. Freiberg et al. v. Magale, 70 Tex. 116, 7 S. W. 684. Defendants filed no sworn plea attacking the transfer and indorsement of the note. The jury, having been called on to answer specific questions, could not control the judgment by a general finding in favor of defendant, which in effect contradicted the specific findings.

[5] The measure of damages for conversion against each of the purchasers is the market value of the property when taken by him, with legal interest from the date of the conversion.

Reversed and remanded.