## J. D. McCOLLOM LUMBER CO. v. WHITFIELD et al.

Motion Nos. 7349, 7363; No. 7842.

Court of Civil Appeals of Texas. Austin.

July 13, 1932.

### PER CURIAM.

The judgment and motion for new trial were entered February 27, 1932; appeal bond filed March 15, 1932; record filed in this court May 9, 1932; notice by registered mail immediately sent to attorneys for appellees of filing and date of filing as provided in R. S. art. 1847, as amended by chapter 64, p. 98, § 1, Gen. Laws Reg. Sess. 42nd Leg. (1931), Vernon's Ann. Civ. St. art. 1847; motion to affirm on certificate filed June 24, 1932; motion to dismiss appeal and strike cause from the docket on the ground that the record was not filed within sixty days after order overruling motion for new trial filed July 11, 1932.

In verified answer to affirm on certificate, appellant's attorney states that on April 19, 1932, he applied to the district clerk for the record, and was advised it was completed, but had not been proof read, and that it would require a day or two "to arrange and tie the transcript," and proof read same, and the clerk agreed to do so and to forward the record to the clerk of this court within the requisite time; and that he relied upon this representation of the clerk, and did not know that the record had not been filed in time until he was notified of the motion to affirm on certificate. The clerk of this court inadvertently computed the time for filing from the date of filing of the appeal bond, and filed the record when presented on May 9, 1932.

■ The filing of the record within the time prescribed by law is not jurisdictional, and can be waived by appellee. City of Eagle Lake v. Lakeside Sugar Refining Co. (Tex. Civ. App.) 144 S. W. 709 (error denied).

■ Court of Civil Appeals rule 8 requires that all motions relating to informalities in the manner of bringing a case into court shall be filed within 30 days after filing the transcript, "otherwise the objection shall be considered as waived, if it can be waived by the party." Under this rule any matter which is not jurisdictional is waived by the failure of the appellee to object thereto by motion filed within the prescribed 30 days. Farmers' State Bank v. Bell (Tex. Civ. App.) 176 S. W. 922.

It was held in Austin v. Brelsford (Tex. Civ. App.) 289 S. W. 91, that rule 8 did not apply where the clerk had filed the record without authority after the time prescribed by law, because under such circumstances the unauthorized act of the clerk would not be considered as a filing of the transcript provided for in the rule. The cases cited in support of this holding (Robson v. Moore [Tex. Civ. App.] 166 S. W. 908; and Eagle Lake v. Refining Co. [Tex. Civ. App.] 144 S. W. 709) do not, in our opinion, support this holding. In the former case it was expressly held that, where the appellee had been notified of the filing of the transcript as provided in Court of Civil Appeals rule 7b, and for more than seven months failed to file any motion to dismiss, he "waived the late filing of the transcript." The second case held that, where the case had been transferred from another Court of Civil Appeals, it would be presumed that the clerk acted upon authority of the court in filing the transcript. It was expressly held in that case that the time of filing was not jurisdictional, and might be waived by the appellee.

Under rule 7b above it is made the duty of the clerk of the Court of Civil Appeals to notify the appellee of the filing of the record. This provision is carried into the above amendment of Revised Statutes, art. 1847, which further expressly provides that the notice shall be of the date of the filing. The manifest purpose of this statute is to put the appellee on notice of the date of filing the transcript in order that he may make all proper objections within the thirty days prescribed by rule 8. The date of order overruling motion for new trial is a matter of record not only in the transcript but in the trial court, and with notice of the date of filing of the transcript it was a simple matter for appellee's attorney to ascertain whether it had been filed in time. It is stated by the latter in the motion to dismiss that he relied upon the presumption that the clerk followed rule 2, and did not make this checking.

■ While it is primarily the duty of the clerk to ascertain from the record whether the time for filing has elapsed, it is also the duty of the appellee to ascertain whether some error has been made in that regard, and to call such error to the court's attention by motion within thirty days. The mistake of the clerk does not relieve the appellee of this duty.

■ We are of opinion that the failure to file the transcript within the time prescribed

by law has been waived in so far as appellees can waive it.

■ However, this court is not without power to consider the motion, though filed after the expiration of the prescribed thirty days. Farmers' State Bank v. Bell, supra.

■ The record was filed twelve days after the prescribed sixty days had expired. Our docket shows that five cases were filed subsequently to the sixty-day period, and prior to the actual filing of the record. It also appears from the condition of our docket that, had the record been filed on April 27th (the last day), it would not have been reached for submission and decision earlier than it will be reached under its May 9th filing. Appellee has suffered no prejudice or inconvenience by reason of the delay; and, since the attorneys for appellant and appellees have both been derelict, the former in failing to file the record within the statutory time, and the latter in failing to object on that ground within the thirty days, and the dereliction of each is ascribed to reliance upon the clerk —the one upon the promise of the district clerk to forward the record in time; and the other upon the presumption that the clerk of this court had followed rule 2 —we do not feel called upon to exercise our discretion to consider the motion to dismiss and strike from the record, filed forty-six days after the transcript was filed.

■ We also feel that this is a proper case to exercise our discretion to permit the filing of the record after the time prescribed by law, in view of all the circumstances above set forth, especially in view of the fact that no prejudice or injury will result therefrom.

Both motions are overruled.

Motions overruled.