834

it in position long before the city was incorporated, and because the city had no authority whatever in any part of the park and no right to remove the wheel from the canal, and further because no duty rested upon it to maintain the park as a place of recreation and amusement and the small amount contributed by it every month for the purpose of paying the janitor of the courthouse to keep the park was a mere gratuity paid without any legal duty resting upon it to do so, it was in no sense liable for the injuries complained of, even though negligence upon the part of any one had been shown. Rinker v. G.-H. Elec. Ry. Co. (Tex. Civ. App.) 176 S. W. 737; Mead v. Ph Zang Brewing Co., 43 Colo. 1, 95 P. 284; El Paso v. Causey, 1 Ill. App. 531.

■■ We do not think that the judgment can be sustained upon this theory. But even if we should admit that the city was in any measurable degree interested in the maintenance and control of the park, since it received no compensation, took no active control, and it does not appear that it had invited the plaintiff to use the canal for bathing purposes or that its officials knew that he was doing so, even then there would be no liability. At most, under the uncontroverted evidence, if the city actually participated in and was responsible for the control of the park and the ditch, the record shows that it was exercising only a governmental function in which event it cannot be held liable for the accident. Wiggins v. Ft. Worth (Tex. Civ. App.) 299 S. W. 468; Id. (Tex. Com. App.) 5 S.W.(2d) 761; Vanderford v. City of Houston (Tex. Civ. App.) 286 S. W. 568.

■ Since we do not know upon what theory the court rendered the judgment and are not permitted to set aside the trial court's findings and substitute our own, the only proper disposition for this court to make of the case is to reverse and remand it for another trial in accordance with the rules herein announced.

H. M. Wade, of Rockwall, for appellants.

Stimson & Miller and C. G. Miller, all of Royse City, for appellee.

PELPHREY, Chief Justice.

The record in this case reveals that the judgment was rendered on the 8th day of June, 1932; that no motion for a new trial was filed; that on August 26th, a motion for permission to file the record was filed; that on August 30th an amended motion for the same purpose was filed; and that on September 10, 1932, leave to file after time was granted by the Dallas Court of Civil Appeals.

It thus appears that no cause was shown by appellant before the expiration of sixty days from the final judgment for not filing the transcript within the time fixed by article 1839, Rev. St., as amended by Acts 42d Leg. (1931) c. 66 (Vernon's Ann. Civ. St. art. 1839).

The action of the Dallas Court of Civil Appeals in permitting the transcript to be filed was beyond the power of that court as held by this court in Acola v. J. I. Case Co., 57 S.W.(2d) 196, and the transcript is ordered stricken from the record, and the appeal dismissed for failure of appellant to file the transcript within the time prescribed by the statute.

**HARKEY et al. v. HARKEY et al.**
No. 7874.

Court of Civil Appeals of Texas. Austin.
May 24, 1933.

Rehearing Denied June 7, 1933.

**FLORENCE et al. v. FIRST STATE BANK OF FATE.**
No. 2826.

Court of Civil Appeals of Texas. El Paso.
May 4, 1933.

Rehearing Denied May 25, 1933.