## SHIPP v. METZGER DAIRIES.
### No. 9876.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 4, 1935.

E. P. Lipscomb, of San Antonio, Texas, for plaintiff in error.

Saunders, Saunders & Whipple, of San Antonio, Texas, for defendants in error.

SMITH, Chief Justice.

Plaintiff in error first sought to bring this cause into this court on appeal in forma pauperis. In that proceeding the appellant was allowed, by statute, until July 30, 1935, in which to file a statement of facts in this court. Upon motion timely filed, this court granted the appellant therein sixty days' additional time for that purpose, which carried it to September 29th. It is assumed by plaintiff in error in this proceeding that the sixty days' additional time allowed by this court in the appeal proceeding began to run at the time of granting the motion therefor, on August 14th, and not at the time the original sixty-day period expired, on July 30th. There is no ground for this assumption. The additional time allowed for such purpose, unless otherwise specifically provided in the order thereon, begins to run from the expiration of the time fixed by law, and not from the time the motion therefor is granted. This by way of parenthesis, and not as having any material bearing upon this inquiry.

While the motion for extension was pending in this court in the appeal proceedings, the appellant therein, without notice to this court, abandoned her attempted appeal, and filed application and bond for writ of error in the same cause, which was perfected on July 30th. Ninety-eight days later, on November 7th, plaintiff in error tendered a seven-page statement of facts in this writ of error proceeding, and has filed motion for leave to file same as the statement of facts herein. Plaintiff in error asserts that she is entitled to this privilege, of filing the statement of facts so long after the expiration of the time allowed therefor by statute, upon the ground that all the additional time allowed the appellant in the appeal proceedings should be tacked on to the time allowed her by law in this writ of error proceeding; that in this writ of error proceeding the law gave her sixty days from date of perfecting writ of error, or until September 29th, and that the sixty days' additional time allowed by the court in the appeal proceeding should inure to her benefit as plaintiff in error in the writ of error proceeding; that this additional sixty days should be tacked on to the sixty days allowed by law, giving her one hundred and twenty days, or until about November 29th. It should be added here that the order granting additional time in the appeal case was considered and granted without any knowledge by this

court of the writ of error proceeding instituted a few days before in the court below, and, of course, without intending to relate the order to this proceeding.

█ The attempted appeal was a separate, distinct, and different proceeding from this writ of error proceeding (3 Tex. Jur. § 6; Smith v. City Nat. Bank [Tex. Civ.App.] 132 S.W. 527; Ross v. Bailey [Tex.Civ.App.] 143 S.W. 961; Scottish Union & National Ins. Co. v. Clancey, 91 Tex. 467, 44 S.W. 482), and the motion and orders in that proceeding have no place, and cannot be considered, in this. So, when plaintiff in error abandoned the appeal, and resorted to this writ of error, her right to prosecute the writ depended wholly upon her conduct and the diligence exercised by her in the writ of error proceeding, without reference to anything done in the abandoned appeal proceeding. Specifically, the indulgences extended to her in that proceeding cannot be looked to or invoked in this proceeding, for, the appeal having been abandoned, that whole proceeding became a nullity. This is so obviously true as to be a matter of course.

The result is that writ of error having been perfected on July 30th, the statute gave plaintiff in error sixty days, or until September 29th, in which to file the statement of facts in this court, or, upon good excuse shown by motion filed herein within the next ensuing fifteen days, this court would have had the power to extend the time within its discretion. Article 1839, R.S. 1925, as amended by Acts 1933, 43d Leg. p. 142, c. 67 (Vernon's Ann.Civ. St. art. 1839). This court has been uniformly liberal and lenient in granting additional time in such cases.

█ When an appellant, or plaintiff in error, has failed to file his statement of facts within that sixty-day period, or motion for extension within fifteen days after the expiration of that period, this court has no jurisdiction to permit the filing of such statement of facts, or to entertain such motion. Hunter v. Moore, 122 Tex. 583, 62 S.W.(2d) 97; Reese v. Owens (Tex.Civ.App.) 48 S.W.(2d) 697; Id., 123 Tex. 493, 72 S.W.(2d) 1113; Hidalgo County Water Control and Imp. Dist. No. 1 v. Van Horn (Tex.Com.App.) 84 S.W. (2d) 699; Stolz v. Const. Co. (Tex.Civ. App.) 67 S.W.(2d) 412.

The result is that plaintiff in error's motion for extension of time, filed ninety-eight days after perfection of writ of error, comes too late to invoke the jurisdiction of this court, and is accordingly overruled.