**O'KEEFE et al. v. POWER.**

No. 4716.

Court of Civil Appeals of Texas. Amarillo.

May 4, 1936.

Rehearing Denied May 18, 1936.

N. C. Outlaw, of Post, for appellants.

Price & Moss, of Post, for appellee.

HALL, Chief Justice.

Power sued Simon, Virginia, and Dayton O'Keefe in the county court of Garza county on a verified account, alleging that defendants were partners. Defendants an-swered. The case was tried to the court without a jury, and on December 17, 1935, judgment was entered for the appellee against all the appellants, jointly and severally, for $288.88. Amended motion for new trial was filed and overruled on December 20, 1935, and notice of appeal given the same day. Supersedeas bond on appeal was duly filed. The court expired February 3, 1936. The transcript was not delivered to appellants' attorney until April 4, 1936, and received in this court on April 6, 1936.

Article 1839, Revised Statutes, as amended by the Acts of the 42d Legislature, at page 100, c. 66, as amended by Acts 1933, c. 67 (Vernon's Ann.Civ.St. art. 1839), provides that the appellant shall file his transcript with the clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period, why said transcript could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe. Motion for permission to file the record was not filed in this court until April 11, 1936.

In reply to the motion asking permission to file the record, the appellant had seventy-five days after the motion for new trial was overruled and notice of appeal given within which to file his motion, setting up good grounds, if any, for permission to have it filed later, and by affidavit show to this court good reason why it was not so filed within the required time. Appellants not only failed to file the record within the sixty days, but their motion for permission to file the record has been filed more than one hundred days after the required time.

In Shipp v. Metzger Dairies (Tex.Civ. App.) 88 S.W.(2d) 660, the court holds that where the appellant does not file his statement of facts within the sixty-day period, and fails to file a motion for additional time within fifteen days thereafter, the Court of Civil Appeals is without jurisdiction to permit the filing of the statement, or entertain such motion. This is in accordance with the rule announced in Red v. Bounds, 122 Tex. 614, 63 S.W.(2d) 544.

For the reasons stated, appellants' motion to file the transcript is overruled, and appellee's motion to affirm on certificate is granted.