## PITTMAN v. CITY OF WICHITA FALLS et al.

### No. 13810.

Court of Civil Appeals of Texas. Fort Worth.

April 29, 1938.

Rehearing Denied May 27, 1938.

Kearby Peery and Smoot & Smoot, all of Wichita Falls, for appellant.

T. A. Hicks and Thelbert Martin, both of Wichita Falls, and Hobert Price, of Dallas, for appellees.

SPEER, Justice.

We have before us two motions, one to strike the transcript and the other to affirm on certificate.

Appellant, George.W. Pittman, who was plaintiff in the trial court, sued the City of Wichita Falls and another, who are appellees herein, in the 89th District Court of Wichita County, Texas, for damages alleged to have been sustained on April 28th, 1937. Judgment was entered on October 18th, 1937, in favor of appellees and against appellant, for costs incurred. Motion for new trial being overruled on the same day the judgment was rendered, the appellant timely perfected his appeal to this court.

The court in which this action was tried falls within a class controlled by Special Practice Act, now Article 2093a, Vernon's Texas Civil Statutes; by that Act, as construed by this court in Traders & General Ins. Co. v. Roberts, 93 S.W.2d 1203, an appellant has ninety days from the date on which motion for new trial was overruled, in which to file the transcript in the appellate court.

The ninety-day period for filing transcript expired on Sunday, January 16th, 1938. The clerk of this court received the transcript from the Express Company in Fort Worth, Texas, on Monday morning, January 17th, 1938, and without having ascertained the time in which to file had expired on the previous day, improvidently filed it, on the day it was received, and notified all parties that he had done so. On March 16th, 1938, appellee filed in this court the two motions above mentioned.

Appellant resists the granting of these motions, upon the grounds they were not filed within thirty days from the date on which the transcript was filed, relying upon Rule 8 for Courts of Civil Appeals. If there was only the motion to affirm on certificate before us, we would have no difficulty, for indeed there is. a transcript on file, even though filed without authority of law, as above shown. Obviously, the motion to strike the transcript from the record, here must have first consideration.

There is attached to appellant's reply to these motions an affidavit explaining the delay in filing the transcript, but such would only become relevant here if they had filed an application within the statutory time for leave to file transcript late, showing good cause for not having tendered it sooner. There has been no motion to file after the expiration of statutory time. This doubtless was because, as shown, the record had been filed by the clerk and there would be no occasion for such a motion after it was actually filed and all parties so notified.

It is fundamentally true that the parties to a suit cannot waive jurisdictional matters and thereby confer upon a court authority to act when it would not otherwise have such jurisdiction. Logan v. Gay, 99 Tex. 603, 90 S.W. 861, 92 S.W. 255. It has many times been held by the courts of this state that the filing of a transcript in the appellate court is not jurisdictional. When the trial court loses jurisdiction of a case because of appeal, that of the Court of Civil Appeals attaches; if the jurisdiction depended upon the filing of the transcript within the allotted time, then the provision for affirmance on certificate would be ineffective. Evans v. Galbraith-Foxworth Lumber Co., Tex.Civ.App., 43 S.W.2d 481, writ refused; McCollom Lumber Co. v. Whitfield, Tex.Civ.App., 53 S.W. 2d 77; McCarty v. Pugh, Tex.Civ.App., 253 S.W. 690. The last cited case was reversed by the Supreme Court, in 265 S.W. 126, on other grounds than that here under consideration, but no criticism was made of the holding on the point under which we are citing it.

In McCollom Lumber Co. v. Whitfield, supra, the record was not filed in the appellate court within the prescribed time;

there, as in this case, the clerk, by an error in calculating the time, filed it after the time had expired, and notified the parties; appellee filed motion to strike the record so filed, and to affirm on certificate. The court said (page 78): "The filing of the record within the time prescribed by law is not jurisdictional, and can be waived by appellee. City of Eagle Lake v. Sugar Refining Co. (Tex.Civ.App.) 144 S.W. 709, writ denied. * * * Under this rule [No. 8 for Courts of Civil Appeals] any matter which is not jurisdictional is waived by the failure of the appellee to object thereto by motion filed within the prescribed 30 days. Farmers' State, Bank v. Bell, Tex.Civ.App., 176 S.W. 922." In the Per Curiam opinion, from which we have last quoted, reference is made to the case of Austin v. Brelsford, Tex.Civ.App., 289 S.W. 91, which holds that a filing by the clerk of the appellate court beyond the statutory time, is equivalent to no filing at all, and refused to follow the rule announced in the last cited case; it is pointed out that the two authorities relied upon in the Austin-Brelsford Case do not support the holding. We, too, have read those cases and believe as does the court in the McCollom-Whitfield Case, supra. The latter case was a trial upon the motions, but later when the case was tried on its merits and appealed (Tex.Civ.App., 59 S.W.2d 1106) and was there reversed and remanded, the Supreme Court refused a writ of error.

Rule 8 for Courts of Civil Appeals reads: "All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

In Frier v. Krohn, Tex.Civ.App., 104 S.W.2d 537, writ refused, the court discussed the converse of what we now have before us. There the motion (not filed within 30 days) was to dismiss the appeal because the appeal bond was not filed in the trial court within the prescribed time. It was held that the motion did not fall within Rule 8, above quoted, for the reason the filing of an appeal bond below, within time, was jurisdictional, to the appellate court. To the same effect are Zarate v. Cantu, Tex.Civ.App., 225 S.W. 285, and Chambers v. Jones, Tex.Civ.App., 101 S.W. 2d 836.

In Brown v. Orange County, 48 Tex.Civ. App. 470, 107 S.W. 607, writ denied, the record had not been filed within the proper time, and more than 30 days after filing, motion was made to dismiss the appeal, and the court held failure to file statement of facts within the time prescribed was not a jurisdictional defect, and therefore the objection was waived. The same rule is announced in Missouri, K. & T. Ry. Co. v. Jordon, Tex.Civ.App., 2 S.W.2d 312.

Appellee in this case recognizes the authorities we have cited to announce the correct rule as it existed prior to the amendment of Article 1839, as it now appears in Vernon's Texas Civil Statutes, but contends that under the amendment, the timely filing of the transcript becomes jurisdictional, and that it can only be filed out of time upon application made not later than 15 days after the expiration of filing time. We are cited to the case of Klattenhoff v. Schriever, Tex.Sup., 113 S.W.2d 515; we see no support for the claim made in that case. There the record was inadvertently filed by the clerk of the Court of Civil Appeals beyond the prescribed time. More than 15 days after the time for filing had expired, the appellant moved for an order to file; within thirty days from the erroneous filing, appellee moved to strike the record and to affirm on certificate. The Commission held the Court of Civil Appeals should have stricken the record and affirmed the judgment on certificate. The opinion clearly shows that the motions were filed within thirty days and therefore the objection to the erroneous filing was not waived, as was done in the instant case, and in the cases cited above.

Appellee also cites as authority for its contention the recent case of Jarrell v. Farmers' & Merchants' Bank, 99 S.W.2d[1] 281; the syllabus, as usual, correctly states the holding there, and distinguishes it from the instant one. The court held: "Where appellants, after giving notice of appeal and filing appeal bond, failed to timely file transcript with Court of Civil Appeals and abandoned such proceedings, perfecting their appeal by writ of error during term to which appeal, if originally perfected, was returnable, without showing good cause for failure to timely file tran-

---

[1] Opinion also in 128 Tex. 332.

script, appellee held entitled to affirmance of judgment on certificate and dismissal of writ of error." In that case the opinion does not indicate that it came from a court operating under any Special Practice Act, but was controlled by Article 1839, Vernon's Texas Civil Statutes, which allowed sixty days after final judgment for filing transcript. Judgment was entered on December 3rd, 1932, notice of appeal was given and perfected by filing bond, but no effort was made, it appears, to file transcript; the appeal was abandoned and writ of error sued out and perfected. On March 29th, 1933, motion was made to affirm on certificate, which motion was sustained and the writ of error proceedings dismissed.

Another case cited is Red v. Bounds, 122 Tex. 614, 63 S.W.2d 544; that case is distinguishable from the one before us. The court there construed article 1839, Vernon's Texas Civil Statutes, as amended in 1931 by 42nd Legislature, page 100, chapter 66, effective at that time. By that article no provision is made for a motion to file transcript after the expiration of the sixty day period, and the appellate court had no authority to consider good cause, unless the motion was filed within the period. But since the opinion was written, the statute has again been amended in 1933 by the 43rd Legislature, page 142, chapter 67, Vernon's Ann.Civ.St. art. 1839, by which certain discretionary matters are entrusted to the court. The last amendment provides: " * * * provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty day period, showing good cause to have existed within such sixty day period, why said transcript could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

Obviously, the distinction between the case at bar and the one discussed in the case cited, would involve a repetition ·of what we have already said, and we refrain from doing so.

█ We therefore hold that the filing of the transcript was not jurisdictional and its filing was a matter which could be waived by appellee; that a failure to file an objection thereto within thirty days, as provided by Rule 8 for Courts of Civil Appeals, constituted a waiver of any objections it had thereto, and with the transcript so filed we cannot affirm the judg-

ment of the trial court upon the certificate attached to a motion for that purpose.

Both the motion to strike the transcript and to affirm on certificate are overruled.