### TUNSTILL v. SCOTT.

No. 13798.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 23, 1938.

McDonald & Floyd, of Fort Worth, for appellant.

Clark & Stegall, of Fort Worth, for appellee.

BROWN, Justice.

This is a plea of privilege case.

Appellee, Naomi Scott, brought suit in the District Court of Tarrant County, against G. A. Tunstill and Eula Tunstill. W. A. Tunstill, husband of Eula Tunstill, may have been made a party defendant in the original petition, but a copy of such pleading does not appear in the transcript, and neither the plea of privilege filed by G. A. Tunstill, nor the original controverting affidavit discloses such fact.

Appellant, G. A. Tunstill, filed his plea of privilege to be sued in Harris County.

The original controverting affidavit recites, in substance, that G. A. Tunstill is not entitled to have his said plea sustained because Eula Tunstill, one of the defendants, is a resident citizen of Tarrant County, and both she and G. A. Tunstill are necessary and proper parties to the suit, in that G. A. Tunstill claims title to the land in controversy from the plaintiff, and Eula Tunstill deraigned whatever right, title or interest she has in the lands from G. A. Tunstill. Thus relying expressly upon subdivision 4 of Art. 1995, Revised Civil Statutes.

The further allegations are made that the suit is to remove cloud from title to said land, which is situated in Gregg County, Texas, and that if the cause should be transferred, same should be transferred to the District Court of Gregg County.

The further allegation is made that G. A. Tunstill is not a bona fide resident of Harris County.

The affidavit further recites that the suit is for the recovery of the Gregg County land; that G. A. Tunstill obtained a deed to the land from plaintiff through fraud and misrepresentation, and wrongfully transferred an interest in same to defendant, Eula Tunstill, who had knowledge of all of the facts. Thus relying upon subdivision 29a of said Article 1995, Vernon's Ann.Civ.St.

The issue being drawn, the cause was by the court set for hearing for January 7th, 1937, but service of notice was not had upon G. A. Tunstill although efforts were made to so do.

On June 2nd, 1937, Naomi Scott filed an amended controverting plea, under her second amended original petition, which is made a part of such pleading. The date of filing of the amended petition does not appear in the record.

This amended controverting plea recites, in substance, that the suit is to set aside, annul, cancel and rescind certain alleged deeds, powers of attorney and other instruments which were procured by the defendants and executed in Tarrant County; and that G. A. Tunstill in securing such instruments did so by fraud, deceit, and misrepresentations committed in Tarrant County. Thus relying upon subdivision 7 of said Art. 1995, Vernon's Ann.Civ.St.

It is further alleged that three of the defendants are resident citizens of Tarrant County, viz., W. A. Tunstill and wife, Eula Tunstill, and G. G. Tunstill. Expressly relying upon said subdivision 4 of Art. 1995.

It is further alleged that G. A. Tunstill is not a bona fide resident of Harris County.

The amended petition, made the basis of the amended controverting plea, makes G. A., Mrs. Eula, W. A. and G. G. Tunstill parties defendant, alleging that all such reside in Tarrant County, except G. A., who is alleged to be temporarily residing in Harris County.

The petition alleges that the plaintiff was at one time a servant in the home of G. A. Tunstill, and that he learned of the interest in some Gregg county lands, which she owned by inheritance, and persuaded her to deed such lands to him to look after for her and to protect her interests, and that, relying upon such statements and promises, she made, executed and delivered to him what she has since learned were several deeds, conveying to G. A. Tunstill all of her property lying in Gregg County.

She then alleges that she executed a deed bearing date April 13th, 1931, which was filed for record on April 14th, 1931, and which bears the County Clerk's file number 11,627. The lands embraced in such instrument are not attempted to be described, but the petition makes it a part of such pleadings.

The next paragraph alleges that on or about April 13th, 1931, G. A. Tunstill obtained a power of attorney from plaintiff, which was filed for record on April 24th, 1931, and bears the County Clerk's number 12,891, and it is made a part of the pleadings.

The next paragraph alleges that the plaintiff does not know and has no record of all of the instruments which were secured from her by G. A. Tunstill, but that such defendant knows of them and she demands that he produce same in court.

The next paragraph alleges that all the statements and representations were made by G. A. Tunstill in Tarrant County and that she relied upon them.

The next paragraph alleges that after G. A. Tunstill obtained such instruments from her, "he transferred, assigned and sold lands and interest which plaintiff had in lands in Gregg County to the defendants, W. A. Tunstill and wife, Eula Tunstill, and G. G. Tunstill, being the father and mother and brother of said defendant, G. A. Tunstill, and various other persons unknown to this plaintiff, but well known to the said defendants, and each of them, and demand is here made upon said defendants and each of them to file in this court a sworn statement, setting forth all property and interest in property in which this plaintiff had an interest, and owned, and under, by and through which said defendants, and each of them, have or have had or claimed an interest therein, and that said defendants, and each of them, duly record under oath a statement showing the disposition, if any, that said defendants, and each of them, have made of any and all of said property, or any part thereof, and the proceeds, revenues and incomes which said defendants, and each of them, have received therefrom, and from whom said incomes, proceeds and revenues were received, and the dates thereof."

The next paragraph alleges that all of the defendants knew that the title to the lands belonging to the plaintiff was placed in G. A. Tunstill, in trust for her, and that all of the "alleged transfers, deeds and assignments were each and all received, made, executed and delivered in fraud of the rights of this plaintiff, and this plaintiff alleges that said defendants and each of them jointly and severally have sold and received from said lands, leases, mineral rights and oil runs therefrom, large sums of money, without the knowledge and consent of this plaintiff and in fraud of her rights, and although often demanded, said defendants and each of them, have failed and refused to account to this plaintiff for her said lands and premises and the revenues, incomes, and oil runs therefrom, and do unlawfully withhold the same from her to her damage in the sum of $75,000.00."

The next paragraph reiterates the former allegations with respect to the conveyance, by G. A. Tunstill, to W. A., Eula and G. G. Tunstill, of the plaintiff's property, when they knew that he only held the property in trust for the plaintiff, and that such defendants had enough knowledge of the facts to put a person who exercised ordinary care on notice. And she then alleges that all these defendants are in fact holding such lands and monies derived therefrom in trust for the plaintiff. That plaintiff does not know how much money has been received, but demands a sworn statement of same.

The next paragraph alleges that G. A. Tunstill has executed to Eula Tunstill, his mother, certain instruments in the nature of mineral deeds, in fraud of plaintiff's rights, and prays that same be cancelled.

The next paragraph prays that G. A. Tunstill be required to file a sworn state-

ment showing all of the property he secured by deed or otherwise from plaintiff, which he held and now holds as trustee for plaintiff, as well as the property which he obtained from plaintiff and conveyed to others, and to account for all proceeds therefrom.

The next paragraph alleges that if the defendants have parted with the title to the lands, then plaintiff is entitled to an accounting and judgment for the value of the lands and the proceeds therefrom, which she alleges is of the value of $75,000.

In the prayer she alleges that all of the defendants have been served except G. G. Tunstill, and she prays for service upon him; that all of the "alleged instruments, powers of attorney, deeds above referred to" be cancelled, and judgment for an accounting and for her damages.

Before the issue was heard on the said plea of privilege, G. A. Tunstill filed a plea in abatement, asserting that, by reason of the long delay in perfecting service on the controverting plea, the trial court has lost jurisdiction over such contest, and that the plea of privilege should be sustained.

The trial court overruled such contention, as well as the plea of privilege, and exception and notice of appeal were had.

The trial court made findings of facts, in which it was found that diligence was used by plaintiff in obtaining service of notice of hearing on the plea of privilege, of G. A. Tunstill; that plaintiff alleged a joint cause of action against G. A., W. A. and Eula Tunstill for damages and for an accounting for monies received from plaintiff's lands; that the defendants secured from the plaintiff a warranty deed, on May 29th, 1931, to all of her interests in 7¼ acres of land in the Margaret Tennison Survey, in Gregg County, and that Eula Tunstill was made grantee in the deed; that no consideration was given for the deed and Eula Tunstill held same in trust for plaintiff; that thereafter, G. A. Tunstill caused W. A. and Eula Tunstill to execute a conveyance and assignment to one R. T. Cowan, of a ½₄ interest in the royalty; that defendants kept the proceeds from such sale and have failed to account to plaintiff for any part of same; that thereafter, Cowan re-conveyed to W. A. Tunstill a ½₈ interest; that two oil wells were drilled on the said tract, and W. A. Tunstill has up to July 1st, 1935, collected

such ½₈ royalty, and that he sold same on the last named date to Jack Beakely, Trustee, for $250 cash; that the defendants jointly received the income and proceeds from the sales of said royalty interests and have never accounted to plaintiff therefor; that plaintiff established her right and cause of action against G. A., W. A. and Eula Tunstill for an accounting; that W. A. and Eula Tunstill are and were at all times residents of Tarrant County; that plaintiff seeks to maintain venue in Tarrant County, first, on the ground of fraud committed by G. A. Tunstill in Tarrant County, under subdivision 7 of said Article 1995, and, second, on the ground that two of the defendants reside in Tarrant County, under subdivision 4 of such Article.

The trial court then concluded that the plaintiff was entitled to maintain her suit under the provisions of subdivision 4 of such article.

Being called upon to amend the findings of fact and conclusions of law through a written motion and objection to the same, the trial court amended and supplemented same by findings relating to the diligence used in obtaining a hearing on the plea of privilege, and further found that the deed from plaintiff to Eula Tunstill, conveying the above mentioned 7¼ acre tract, was made as a matter of convenience to expedite the handling of plaintiff's interest in the property; that no consideration was paid to plaintiff, and she is entitled to an accounting by defendants for the revenues received therefrom; that G. G. Tunstill is a resident of Tarrant County, and has not been served with process and has not answered. Then the court "finds that under and by virtue of subdivision 4 of Article 1995, Revised Statutes of 1925, plaintiff is entitled to maintain her suit in Tarrant County, Texas, as to all of said defendants, and that it is not necessary to make a finding as to the allegations of fraud contained in plaintiff's pleading and controverting affidavit."

Thus it will be seen that the trial court expressly and exclusively bottoms his ruling in favor of plaintiff below, on the provisions of subdivision 4 of said Article 1995, R.C.S. On no other ground, or hypothesis, is the judgment attempted to be sustained.

█ It is well established that to maintain suit against a non-resident defendant, plaintiff must allege a joint cause of action

against the resident and the non-resident defendants, and must introduce evidence sufficient to prove a cause of action against the resident defendants, under the allegations relied upon. Taylor et al. v. Fort Worth Poultry & Egg Co. et al., Tex. Civ.App., 112 S.W.2d 292, and cases cited.

The plaintiff in the case before us has specifically pleaded that G. A. Tunstill obtained a deed, or deeds, and other instruments from her, to hold the title in trust for her and that he transferred, assigned and sold such landed interests to W. A. Tunstill, Eula Tunstill and G. G. Tunstill, and to other persons unknown to plaintiff.

No evidence was introduced to support these allegations. The testimony that was adduced shows that the plaintiff made a deed to Eula Tunstill of the 7¼ acre tract mentioned in the court's findings of fact and conclusions of law.

The court found that this deed was executed for convenience in the matter of handling plaintiff's interest in the land. No conveyance is shown to have been made to the non-resident defendant, G. A. Tunstill, of any part of such interest. There is no pleading covering the facts as proven.

There appears in the statement of facts a release executed by the plaintiff and her husband to Eula Tunstill and her husband, W. A. Tunstill, dated and acknowledged on November 5th, 1931, in which they release said parties in the following language: "Do hereby release, discharge and forever hold harmless from any and all liability whatsoever from any acts or actions of whatever nature by them performed as to the title to the following described tract of land, situated in Gregg County, Texas, towit:" Describing the 7¼ acre tract conveyed to Eula Tunstill by plaintiff.

No attack was made upon this release by the plaintiff, and the uncontradicted testimony of W. A. Tunstill is that, at the instance of the plaintiff, he joined his wife in conveying a ¹⁄₂₄ interest to one Cowan, and Cowan conveyed back to W. A. Tunstill a ¹⁄₄₈ because he had conveyed to Cowan too great an interest, and then, at plaintiff's request, he, Tunstill, conveyed what remaining interest plaintiff had, joined by his wife, Eula, to the plaintiff.

The plaintiff testified to a transaction with Cowan in which she, through the offices of Mr. G. G. Tunstill, sold some portion of her "oil run", or royalty interest, to Cowan, and received $400 cash, out of which she paid G. G. Tunstill $35.00 for his services.

On cross-examination it was shown that plaintiff executed a number of instruments in writing to several persons, some before she had any dealings with any of the Tunstills and some afterward. It appears that she had got her interests in what is commonly called "a mess", before she had any dealings with the Tunstills, and it further appears that all she has ever received, she obtained after the Tunstills dealt with her.

On August 10th, 1934, plaintiff and her husband gave one T. G. Jackson a power of attorney, covering the east 20 acres of a certain tract in the I. Baity Survey, in Gregg County. This is a sweeping power of attorney coupled with an undivided one-half interest in the land. On September 1st, 1932, plaintiff and her husband conveyed all of her interest in such 20 acre tract to one Levi Gambill, the consideration being $2,000 payable out of the oil produced, or $200 cash, if paid before the completion of a well on the lands.

It seems rather clear from the record that plaintiff had executed a number of instruments before she had any dealings with the Tunstills, and that G. A. Tunstill made an effort to straighten out her affairs and to recover something for her.

Plaintiff made no proof of what she actually had, in the beginning; made no effort to show what instruments she executed to other persons than the Tunstills; and made no effort to show what she has left, if anything. Her testimony is too general and too vague on the whole matter.

 Under the pleadings relied upon, we hold that the evidence does not establish a cause of action against the resident defendants, W. A. and Eula Tunstill, and none was established against G. A. Tunstill.

 The judgment of the trial court overruling G. A. Tunstill's plea of privilege is reversed and the cause is ordered transferred to the District Court of Gregg County, Texas, because the primary purpose of plaintiff's case is to cancel and annul all deeds, conveyances and instruments in writing executed by her, and affecting the title to her lands in Gregg County, Texas. Jones et al. v. Ford et al., Tex.Civ. App., 118 S.W.2d 333.

We are without authority to transfer the cause to Harris County, because the suit cannot be tried by piecemeal.

The Clerk of the district court of Tarrant County will transfer the cause in its entirety to the District Court of Gregg County, Texas.