## TUNSTILL et al. v. SCOTT.
### No. 14127.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 25, 1940.

H. S. Lattimore, of Fort Worth, for appellants.

Chester Clark, of Fort Worth, for appellee.

BROWN, Justice.

Appellee, Naomi Scott, brought suit in the 48th district court of Tarrant County, Texas, complaining of G. A. Tunstill, W. A. Tunstill and wife, Eula Tunstill, and G. G. Tunstill, and on May 18, 1937, filed a second amended petition, naming said parties as defendants, in which we find the following language used: "Premises considered, the defendants, G. A. Tunstill, W. A. Tunstill and wife, Eula Tunstill, having been duly and regularly served with citation herein, as required by law, and having entered their appearance in said cause, plaintiff prays that they be required to take notice of this second amended original petition and that citation be issued to the defendant, G. G. Tunstill, as the law provides."

Thus it appears that the defendant G. G. Tunstill was not before the court on May, 18, 1937, when the amended pleading was filed, and on such day the defendant G. A. Tunstill filed his plea of privilege to be sued in the County of Harris, his alleged place of residence.

The plaintiff had alleged that G. A. Tunstill was temporarily residing in Harris County, in which county service of process could be had upon him and that the other named defendants were residing in Tarrant County, in which the suit was filed.

The gist of plaintiff's suit is that the defendant G. A. Tunstill, for whom she had worked as a servant, fraudulently obtained from her certain deeds and powers of attorney covering certain lands in Gregg County, Texas, owned by her and that he had conveyed all such lands to the other named defendants, who knew of the circumstances and conditions under which she had executed such instruments and that G. A. Tunstill merely held title in trust for her; that the lands were oil producing properties and the defendants had converted to their use the proceeds from the oil produced from the lands; and she prayed that all such deeds and powers of attorney be canceled and an accounting be had between her and the defendants, and for damages by reason of the unlawful conversion of the oil.

The plea of privilege was overruled and G. A. Tunstill appealed to this court and, as is shown by the opinion found in Vol. 120 S.W.2d 274, 278, we reversed that judgment and ordered the cause transferred to the district court of Gregg County, "because the primary purpose of plaintiff's

case is to cancel and annul all deeds, conveyances and instruments in writing executed by her, and affecting the title to her lands in Gregg County, Texas. * * * We are without authority to transfer the cause to Harris County, because the suit cannot be tried by piecemeal."

We cited a former opinion by us in support of our holding: Jones v. Ford, 118 S.W.2d 333.

When the record was filed in the District Court of Gregg County, the defendants W. A. Tunstill, Eula Tunstill and G. G. Tunstill (who was served with process after the 48th District Court overruled G. A. Tunstill's plea of privilege), each filed a plea of privilege to be sued in Tarrant County, the place in which they reside.

No controverting affidavit was filed, by Naomi Scott, leveled at any one of such pleas, but the district court of Gregg County acted upon the pleas on August 5, 1939, and overruled each of them, stating in the judgment and order that the pleas of privilege should be sustained but for the judgment of our Court of Civil Appeals, as shown in Vol. 120 S.W.2d 274.

The three named defendants excepted to such judgment and appealed to the Court of Civil Appeals for the Texarkana District, and the cause is before us by reason of a transfer made by our Supreme Court.

Appellee, Naomi Scott, has presented a motion asking that we affirm the judgment of the trial court on certificate because the transcript was not filed in the Court of Civil Appeals until the 62nd day after the judgment appealed from was rendered, and she cites Parks v. Purnell, Tex.Civ.App., 120 S.W.2d 895 as authority for her right to have the judgment thus affirmed.

The Supreme Court granted a writ of error in that case, and, in so doing, stated that the holding is in direct conflict with the holding of our Court in Pittman v. City of Wichita Falls, 117 S.W.2d 491.

The Supreme Court, 141 S.W.2d 585, has recently reversed the judgment of the Court of Civil Appeals, dismissing the appeal, in the case of Parks v. Purnell, supra, and ordered the cause remanded to the Court of Civil Appeals for consideration on the merits.

In the instant suit, appellee did not, within 30 days after same was filed, make any objection to the filing of the transcript, on the grounds that it was filed too late, but we find that appellee did make objection to

certain errors shown in the transcript and, by agreement of all parties, corrections were made in the transcript to cover the objections made.

We overrule the motion to affirm on certificate under the authority of Pittman v. City of Wichita Falls, 117 S.W.2d 491, and the judgment of the Supreme Court in Parks v. Purnell, 141 S.W.2d 585 (not yet reported [in State Report]), the appellee having failed to make objection to the filing of the.transcript within 30 days after same was filed, and for the further reason that such an irregularity being one that can be waived, it was waived again by appellee when she made objection to the errors she pointed out in the transcript and such errors were corrected with her written consent and at her request.