**WALKER et al. v. CLEERE et ux.**
No. 2354.

Court of Civil Appeals of Texas. Eastland.
April 9, 1943.

Frank Sparks, of Eastland, and Woodruff & Holloway, of Brownwood, for appellants.

Callaway & Callaway, of Brownwood, for appellees.

FUNDERBURK, Justice.

In this suit by Clarence A. Cleere et ux. against Hall Walker and Commercial State Bank of Ranger, Texas, to cancel a $12,500 note executed by plaintiffs and E. L. Brown to said Hall Walker, and an $1,800 note executed by plaintiffs to Commercial State Bank of Ranger, and seeking recovery of damages against Hall Walker in the sum of $2,500, both defendants, being non-residents of the county, filed pleas of privilege to be sued in Eastland County. Venue was sought to be sustained as to both defendants under exceptions 7, 9, and 29a, and as to the Bank under Exception 23 (R.S.1925, Art. 1995, Subsections Numbered 7, 9, 23 and 29a, Vernon's Ann.Civ.St. Art. 1995, subds. 7, 9, 23, 29a). Upon a jury trial of the issues of venue, judgment was rendered overruling the pleas of privilege, from which order defendants have appealed.

There is a motion to dismiss the appeal on the ground that since the transcript was filed in this court more than 20 days after rendition of the order appealed from (actually 69 days after the date of such order and 38 days after the date of order overruling motion for new trial), and no motion having been filed within 25 days seeking any extension of time for such filing, that this Court is without jurisdiction to determine questions involving the merits of the appeal.

Assuming the validity of Rule 385, Rules of Civil Procedure, its effect is to require

the filing of the transcript in this court within twenty days after rendition of the order appealed from, or, as an alternative, the filing within five days after the expiration of such twenty day period, of a motion showing good cause for the Court's granting a reasonble extension of time in which to file such record.

■ In our opinion, as respects the question for decision, Rules 385 and 386 are subject to the same construction; or, in other words, decisions applicable to Rule 386 are authority upon the construction of Rule 385.

■ The subject matter of Rule 386 is the same as Vernon's Annotated Statutes, Art. 1839, which said Rule supersedes, interpreting which there are many decisions. We regard the proposition as settled by the decisions that in order to vest a Court of Civil Appeals with jurisdiction to determine the merits of an appeal, the transcript must be filed "with the clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or perfection of writ of error", or, failing which, a motion must be filed "before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why such transcript * * * could not be so filed," and thereafter such transcript, under leave of the order granting such motion, be filed within the extended time. Hunter v. Moore, 122 Tex. 583, 62 S.W.2d 97; Red v. Bounds, 122 Tex. 614, 63 S.W.2d 544; Mineral Investing Corp. v. Bishop Cattle Co., 124 Tex. 387, 78 S.W.2d 174; Reese v. Owens, 123 Tex. 493, 72 S.W.2d 1113; New Amsterdam Casualty Co. v. Pugh, 124 Tex. 34, 73 S.W.2d 94; Parks v. Purnell, Tex.Civ.App., 120 S.W.2d 895; Stolz v. Wood Sherman Construction Co., Tex.Civ. App., 67 S.W.2d 412; Reed v. Great Am. Ind. Co., Tex.Civ.App., 47 S.W.2d 860; Adams v. Bida, Tex.Civ.App., 83 S.W.2d 420; Upsher County v. Throckmorton Independent School District, Tex.Civ.App., 20 S.W.2d 1105; Stemmons v. Briggs, Tex.Civ.App., 73 S.W.2d 1050; O'Keefe v. Power, Tex.Civ.App., 94 S.W.2d 203; McCollum v. Tudor, Tex.Civ.App., 100 S. W.2d 739; Tavera v. Ovalle, Tex.Civ. App., 143 S.W.2d 634; Reese v. Owens, Tex.Civ.App., 48 S.W.2d 697; Florence v. First State Bank, Tex.Civ.App., 60 S.W. 2d 834; A. Harris & Co. v. Boswell, Tex. Civ.App., 64 S.W.2d 1029; Green v. White, Tex.Civ.App., 65 S.W.2d 1112; Jenkins v. Runnels, Tex.Civ.App., 69 S. W.2d 810; Shipp v. Metzger Dairies, Tex. Civ.App., 88 S.W.2d 660.

In the statement of the foregoing proposition, effect is given to the words "to determine the merits of an appeal" as qualifying the word "jurisdiction". In one sense, of course, the perfection of an appeal gives the Court of Civil Appeals jurisdiction of the case, but not that jurisdiction to determine the merits of the appeal which it only acquires upon the timely filing of a transcript. Other qualifying words are sometimes used, such as "jurisdiction of the appeal." Upsher County v. Throckmorton Ind. School Dist., supra. Sometimes the word *jurisdiction* or *jurisdictional* is used without qualifying words, but, nevertheless, in the same qualified sense, as, for example, in Stolz v. Wood Sherman Construction Co., supra [67 S. W.2d 413], wherein the court said: "The question of the right to file the record being one of jurisdiction, the statute (Rev. St.1925, Art. 1839, as amended by Acts. 1931, c. 66 [p. 66]) granting such jurisdiction cannot be altered or enlarged by agreement of the parties." The only importance in the present inquiry as to different meanings of jurisdiction is to enable us to determine whether the foregoing proposition is affected by operation of Rules 404 and 405, or either of them.

But before passing to a consideration of that question, it may be well at this point to consider, as relating to the above mentioned proposition, the decision of the Supreme Court in Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, and one or two decisions purportedly based upon it. Parks v. Purnell, supra, by necessary implication, supports the proposition as above stated. The Court of Civil Appeals in that case had declared, in effect, that although the motion to dismiss the appeal was filed more than 30 days after the filing of the transcript in the Court of Civil Appeals, there was no waiver of the timely filing of the transcript, because, said the court [120 S. W.2d 896], "the matter involves more than a mere informality. The delayed filing is one which cannot be waived." The Supreme Court expressed no disagreement with such conclusion. On the contrary, as said before, it impliedly approved it. The conclusion of the Court of Civil Appeals with which the Supreme Court did

disagree was stated in the opinion of the former as follows: "There is nothing in the Act [1939 Amendment of R.S.1925, Art. 1839, Vernon's Ann.Civ.St. art. 1839] which could possibly be construed as authorizing the filing of *subsequent* motions for extension of time after the expiration of the fifteen-day period." (Italics ours.) Timely motion for extension of time had been filed, and the question was whether the extended time could be further extended upon a subsequent motion filed later than 15 days after expiration of the original 60 days. Upon that question, the Supreme Court said [135 Tex. 182, 141 S.W.2d 586] "Simply stated, our construction is that the intent of the present statute is to *clothe the Court of Civil Appeals with jurisdiction* to grant extensions for filing transcripts and statements of fact on motions filed after the seventy-five-day period named in the statute, *provided its jurisdiction over the question of extension has first been invoked by a motion filed within such seventy-five-day period.*" (Italics ours.) After quoting from the statute, the opinion continues thus: "We interpret such language to mean that *when a motion has been filed within the seventy-five-day period* named in the statute, the Court of Civil Appeals *thereafter has jurisdiction* to control the situation, and may prescribe the terms under which the record may be filed in such court." (Italics ours.) From such language, the implied approval of the conclusion of the Court of Civil Appeals, as above stated, upon the point now under consideration is so clear and unmistakable that we deem it unnecessary to say more.

The case of Tunstill v. Scott, Tex.Civ. App., 144 S.W.2d 604, is contrary to our conclusion as expressed in the foregoing proposition. That decision seems to us to be based upon a misunderstanding of the opinion in Parks v. Purnell, supra. The case of Pittman v. City of Wichita Falls, Tex.Civ.App., 117 S.W.2d 491, may or may not be contrary, depending upon whether the question is affected by the fact that the decision involved a different statute. If no distinction exists because of such difference in statutory provisions, then, in our opinion, the court in that case considered the question of jurisdiction in some special sense, or, in other words, was of opinion that jurisdiction in such sense was subject to waiver.

■ We now return to consideration of the question of whether the proposition before stated is affected by Rules 404 and 405, or either of them. Rule 404 by its express terms has application only to objections, raised by motions, "to informalities in the matter of bringing a case into court." It declares a waiver of such an objection "if it can be waived by the party." Rule 405 seems to us not at all clear in meaning. By the import of its terms it seems to have application exclusively to motions involving jurisdictional questions which *"cannot be waived."* (Italics ours.) Waiver seems not to be a part of its subject matter. The rule purports to deal with two kinds of jurisdiction, namely, "jurisdiction to try the case", and "jurisdiction in the particular case." We shall not undertake to determine whether there is any difference, and if so, what is such difference. We are clear in the view that whatever is meant—mere delay in filing a motion objecting to the want of jurisdiction constitutes no waiver of a lack of jurisdiction. Rule 405 in this view merely fixes the time in which motions of the character to which it relates shall be filed, not upon penalty of a waiver of the want of jurisdiction, for it expressly recites there can be no waiver. For present purposes, that is as far as we need inquire.

■ That Rule 404 has no application was expressly held by the Court of Civil Appeals in Parks v. Purnell, supra, and the same is implicit in all the decisions we have hereinabove cited, except Tunstill v. Scott, supra, and possibly Pittman v. City of Wichita Falls, supra.

■ One reason why Rule 404 can have no controlling effect upon the situation here presented is that in the absence of any motion, it is the duty of the court to take notice of its want of jurisdiction to determine the merits of the appeal.

The conclusion is inescapable, so it seems to us, that the motion to dismiss should be granted. It is accordingly so ordered.