## SECURITY STATE BANK OF McCAMEY v. GENERAL LLOYD'S FIRE & CAS. INS. CO.

No. 4925.

Court of Civil Appeals of Texas. El Paso.

Feb. 18, 1953.

Stephen F. Preslar, McCamey, for appellant.

Martellee McDonald, Odessa, for appellee.

FRASER, Justice.

This is an appeal from a judgment of the 112th District Court, Upton County, sustaining a plea of privilege filed by defendant against plaintiff Rosser and never controverted, and sustaining a plea of privilege filed by defendant against Security State Bank, McCamey, which plea was controverted by said bank, which described itself in its petition as "Third party plaintiff", and now appeals from such judgment.

The subject matter of the controversy is a refrigerated trailer which was allegedly destroyed by fire and/or collision on or about the 18th day of April, 1950. Leonard Rosser filed suit to collect under a policy of insurance issued by Appellee and covering the property in question. Appellant later filed its petition seeking recovery as a designated payee on the face of such policy.

The following matters were introduced in evidence and no others were admitted or offered:

1. Plaintiff's Original Petition, filed August 6, 1951.

2. Defendant's Plea of Privilege thereto, filed September 13, 1951.

3. Third party plaintiff's Controverting Affidavit, filed June 23, 1952.

4. An Agreement between the parties that no controverting affidavit was ever filed in response to the Plea of Privilege filed September 13, 1951, and no order was entered thereon.

5. Third Party Plaintiff's Original Petition, filed May 21, 1952.

6. Defendant's Plea of privilege, filed June 23, 1952.

We will first consider Appellant's Third point. It will readily be noticed that when Appellant filed his petition the suit originally filed by Rosser had been on file for some nine months and defendant's plea of privilege had been filed some eight months and never controverted. This being the case the trial court had lost jurisdiction of the case save for the purpose of transferring the case in accordance with the terms of said plea of privilege. John E. Quarles Co. v. Lee, Tex.Com.App., 53 S.W. 2d 77; Corzelius v. Cosby Producing & Royalty Co., Tex.Civ.App., 52 S.W.2d 270; McDonald on Texas Civil Practice, § 3.50 and § 440; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154; Calvert Fire Ins. Co. v. Carroll, Tex.Civ.App., 231 S.W.2d 490.

Appellant filed his petition in this case as he found it then existing, taking the same number and calling himself Third Party Plaintiff. His position was therefore no better than that of plaintiff Rosser, whose cause of action had, by operation of law resulting from his failure to controvert said plea, no longer any venue in Upton County.

(For authority see cases and texts supra) We accordingly find against Appellant on this point. Such finding makes it unnecessary to pass on the other interesting points in Appellant's brief.

That portion of the judgment of the trial court which sustains the plea of privilege with respect to Rosser and orders such cause transferred to Bexar County is affirmed, the trial court having jurisdiction to do no more than that act, the remainder of said judgment is accordingly reversed and appeal dismissed.

PRICE, Chief Justice (dissenting).

In my opinion the judgment of the trial court should be in all things affirmed. The Security State Bank is a necessary party. If plaintiff Rosser had filed his suit in Bexar County, appellant being a necessary party would not have been entitled to a change of venue. In my opinion the judgment of the majority leaves it in doubt as to whether the cause of action asserted by the Security State Bank pends in Upton County, in Bexar County, or the attempted filing in Upton was void.